**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| **SHAWN J. TARDY, et al.,** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | )    **Case No.: 1:13-cv-02841** |
| | ) |
| **v.** | ) |
| | ) |
| **MARTIN J. O'MALLEY, in his official** | ) |
| **capacity as Governor of the State of** | ) |
| **Maryland, et al.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |
| **Serve On:** | ) |
| | ) |
| **Office of the Attorney General** | ) |
| **Douglas F. Gansler** | ) |
| **Attorney General** | ) |
| **200 St. Paul Place** | ) |
| **Baltimore, Maryland 21202** | ) |

## MOTION FOR TEMPORARY RESTRAINING ORDER

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Andrew Turner, Shawn J. Tardy, Matthew Godwin, Wink's Sporting Goods, Inc., Atlantic Guns, Inc., and association Plaintiffs Associated Gun Clubs of Baltimore, Inc., Maryland Shall Issue, Inc., Maryland State Rifle and Pistol Association, Inc., National Shooting Sports Foundation, Inc., and Maryland Licensed Firearms Dealers Association, Inc. (collectively, "Plaintiffs"), by and through undersigned counsel, hereby move this Court for a temporary restraining order. In support of this motion, Plaintiffs state:

1.     Plaintiffs have a plain and clear right under the Second Amendment to the United States Constitution to acquire and possess firearms and ammunition magazines in their home for defense of themselves, their families and their property.

2.     Defendants will unconstitutionally restrict the exercise of that right beginning on October 1, 2013, by enforcing provisions of Maryland law amended by the Firearm Safety Act of 2013 (the "Act") that violate the Second Amendment to the United States Constitution, Sections 4-303, 4-304, and 4-306 of the Criminal Law Article of the Maryland Code, all of which incorporate definitions from both Section 4-301 of the Criminal Law Article and Section 5-101 of the Public Safety Article, as amended by the Act.

3.     Defendants' enforcement of these unconstitutional provisions of the Act will irreparably injure Plaintiffs' fundamental constitutional rights insofar as Plaintiffs will be unable to acquire and possess certain commonly used firearms and standard issue magazines for the purpose of defending themselves in their homes, exposing such Plaintiffs to injury, or even death, should a defensive need for such a firearm arise, or criminal prosecution should they decide to exercise their fundamental constitutional right despite the Act's provisions.

4.     The benefits to Plaintiffs in obtaining a temporary restraining order, which would enable those Plaintiffs to continue exercising their fundamental right to purchase and keep commonly used firearms for purposes of self-defense in their homes, as guaranteed by the Second Amendment to the United States Constitution, greatly outweigh any potential harm to Defendants resulting from granting the temporary restraining order, which merely would maintain the status quo, requiring Defendants to operate in the same manner as they were before the Act's effective date.

2

5.     A temporary restraining order is necessary to preserve the status quo of the Plaintiffs' right to acquire certain commonly used firearms and magazines for self defense in the home pending this Court's determination of whether to grant a preliminary injunction.

6.     Granting the Plaintiffs' request for a temporary restraining order will allow both Plaintiffs and Defendants an opportunity to fully brief the matter before a hearing on whether a preliminary injunction should issue.

7.     The public interest would be served best by granting the requested temporary restraining order because it would ensure that Defendants do not impermissibly prevent law-abiding citizens from exercising their fundamental right to acquire and possess commonly used firearms in their homes for self-defense.

8.     As described in the foregoing paragraphs, there exists an actual controversy of a practicable issue between Plaintiffs and Defendants within the jurisdiction of this Court involving the constitutionality of the Act and the rights individual, business, and members of association Plaintiffs in acquiring and possessing in their homes for self-protection certain commonly used firearms that will be banned by the act, which controversy may be determined by a judgment of this Court.

9.     Plaintiffs are likely to succeed on the merits.

10.     Plaintiffs have no adequate remedy at law by which they may exercise their respective rights.

11.     Any requirement for a security under Federal Rules of Civil Procedure should be waived or set at $0, as the Defendants will not suffer any costs or damages from the grant of a temporary restraining order.

12.     In support of this Motion, Plaintiffs rely upon the attached Memorandum in Support of this Motion for a Temporary Restraining Order.


WHEREFORE, Plaintiffs request that this Court issue a temporary restraining order restraining Defendants from enforcing the challenged provisions of the Maryland Firearm Safety Act of 2013, Sections 4-303, 4-304, and 4-306 of the Criminal Law Article of the Maryland Code, all of which incorporate definitions from both Section 4-301 of the Criminal Law Article and Section 5-101 of the Public Safety Article, as amended by the Act.

In addition, Plaintiffs request that this Court waive any requirement for a security.

Respectfully submitted,


John Parker Sweeney (Bar No. 08761)
T. Sky Woodward (Bar No. 10823)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
P (202) 719-8216
F (202) 719-8316
JSweeney@babc.com

*Counsel for Plaintiffs.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of September, 2013, copies of this Motion for

Temporary Restraining Order and, Memorandum in Support, and Proposed Order were served,

via electronic delivery to the below e-mail address, on the following:

> Office of the Attorney General
> Douglas F. Gansler (dgansler@oag.state.md.us)
> Attorney General
> 200 St. Paul Place
> Baltimore, Maryland 21202
>
> Office of the Attorney General
> Mark H. Bowen (mark.bowen@maryland.gov)
> Assistant Attorney General
> 1201 Reisterstown Road
> Pikesville, Maryland 21208
>
> Office of the Attorney General
> Matthew Fader (mfader@oag.state.md.us)
> Deputy Chief Assistant Attorney General
> 200 St. Paul Place
> Baltimore, Maryland 21202

Hard copies will be delivered by Private Process Server once Summonses have been

issued.

John Parker Sweeney (Bar No. 08761)