## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| STEPHEN V. KOLBE, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No.: 1:13-cv-02841-CCB |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN O'MALLEY, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

### MOTION FOR PROTECTIVE ORDER SEALING PORTIONS OF THE RECORD DESIGNATED BY PLAINTIFFS AS "CONFIDENTIAL"

Pursuant to Local Rules 104.13(c) and 105.11, and pursuant to the Stipulated Order Regarding Confidentiality of Discovery Material and Inadvertent Disclosure of Privileged Material entered by the Court on November 21, 2013, the defendants move for an order sealing portions of their memorandum in support of summary judgment and portions of deposition transcripts of certain witnesses discussing their ownership of firearms, for the following reasons:

1.      On November 21, 2013, the Court entered a paperless order (ECF No. 28) granting the parties' joint motion for a Stipulated Order Regarding Confidentiality of Discovery Material and Inadvertent Disclosure of Privileged Material ("Confidentiality Order").

2.      The Confidentiality Order allows the parties to designated as confidential portions of deposition testimony they "in good faith believe[] . . . contains sensitive personal information . . . ."  (ECF No. 27-1, ¶ 1(a), (b).)

3.      During the course of discovery, the plaintiffs designated as confidential information under the Confidentiality Order all testimony of the plaintiffs and their corporate representatives regarding their personal firearms ownership.

4.      Upon information and belief, the plaintiffs designated that testimony confidential on the basis that they believe it is "sensitive personal information."

5.      In light of the nature of the information, the defendants do not believe there is any alternative to sealing that would provide the same protection sought by the plaintiffs.  The information is either public or it is not.

6.      In their memorandum in support of summary judgment, the defendants reference testimony of certain of the plaintiffs and their representatives containing information about their personal ownership of firearms.  The plaintiffs have designated that testimony as confidential.  The defendants also attach as exhibits to their memorandum portions of the relevant deposition transcripts containing that testimony.

7.      The Confidentiality Order requires that any party who files with the Court any materials or papers containing information designated as confidential by any other party must file it under seal with the Court, and simultaneously file a motion to allow the materials to be filed under seal, "[e]ven if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as 'Confidential.'"

8.   Pursuant to the Confidentiality Order, the defendants:   (a) have, in the version of their memorandum and attached exhibits filed publicly in the CM/ECF system, redacted all references to individual firearm ownership of the plaintiffs and their representatives (or, where an entire page would have been redacted, omitted that page); (b) will file under seal unredacted versions of the redacted or omitted pages; and (c) are making this motion.

A proposed order is attached.

DOUGLAS F. GANSLER
Attorney General of Maryland


_____/s/_____
MATTHEW J. FADER (Fed. Bar # 29294)
JENNIFER L. KATZ (Fed. Bar # 28973)
Assistant Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-7906 (tel.); 410-576-6955 (fax)
mfader@oag.state.md.us

DAN FRIEDMAN (Fed. Bar # 24535)
Assistant Attorney General
Office of the Attorney General
Legislative Services Building
90 State Circle, Room 104
Annapolis, Maryland 21401
Tel. 410-946-5600
dfriedman@oag.state.md.us

Attorneys for Defendants