FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 MAR -7  AM 10: 46

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KOLBE et al | * | |
| Plaintiff | * | |
| vs | * | Civil No: 13-CV-02841-CCB |
| O'MALLEY, et al | * | |
| Defendants | * | |

**Motion for leave and memorandum *amicus curiae* on behalf of John Cutonilli**

John Cutonilli moves the Court for leave to accept an argument amicus curiae in support of the Plaintiffs

**Identity and Interest of Proposed Amicus**

1. John Cutonilli is a resident of Maryland and a member of the unorganized militia as defined by state and federal law. He is not affiliated with any of the parties in this case and has not received any compensation for this amicus curiae.

2. The Amicus seeks an opportunity to assist the Court by presenting an argument to incorporate lawful militia purposes into the Courts opinion. A review of similar cases in DC (Heller v. D.C., 670 F.3d 1244 (D.C. Cir. 2011 AKA "Heller II")), NY (New York State Rifle & Pistol Ass'n, Inc. v. Cuomo, 2013 WL 6909955 at *1 (W.D.N.Y. Dec. 31, 2013)) and CT (Shew v Malloy, 3:13-CV-00739-AVC Document 125 (US CT District 30 January 2014)) all analyze the constitutionality of the cases with respect to the the core right of self-defense (District of Columbia v. Heller, 554 U.S. 570 (2008)). None of these cases reviewed them with respect to lawful militia purposes, which was the primary reason for the codification of the amendment id at 599. The current case presents the same arguments as those cases and a similar conclusion can be expected.

Argument

**The use of only one of the several lawful purposes of the Second Amendment to evaluate the disputed sections of the Maryland Firearm Safety Act of 2013 does not guarantee that all lawful purposes will be constitutional. The Court should evaluate other lawful purposes such as lawful militia purposes.**

3.  In Heller the Supreme Court explained the Second Amendment "codified a pre-existing" individual right to keep and bear arms, 554 U.S. at 592. "The threat that the new Federal Government would destroy the citizens' militia by taking away their arms was the reason that right—unlike some other English rights—was codified in a written Constitution". id at 599 It also addressed more important purposes; self-defense and hunting, id. While "self-defense had little to do with the right's codification[,] it was the central component of the right itself." Id. Applicability of the Second Amendment to the states was decided in McDonald v. Chicago, 561 U.S. 3025 (2010).

4.  In the three previous cases mentioned (DC, NY, CT), the conclusion was that there was a burden on Second Amendment self defense purposes, but that burden survived intermediate scrutiny. The disputed sections of the Maryland Firearm Safety Act of 2013 would likely be found constitutional with respect to the self defense and hunting purposes of the Second Amendment for the same reasons.

5.  The disputed sections would be found unconstitutional for lawful militia purposes. This is because of the suitability of the firearms to perform lawful militia purposes. They are common and not unusual for lawful militia purposes. The provisions fail all levels of scrutiny, and most importantly it prevents the very right codified into the constitution.

6.  For militias that are under Federal control, lawful militia purposes are defined in Article I Section 8, Clause 15 and are limited "to execute the Laws of the Union, suppress Insurrections and repel Invasions". The defendants themselves acknowledge that the firearms in the disputed sections are

well suited to lawful militia purposes. Other types of firearms are not well suited to these purposes. This is exactly the opposite situation compared with the self defense purposes where the firearms in the disputed sections are not as well suited for self defense compared with other firearms.

7. While the firearms in the disputed sections are well suited for lawful militia purposes, they may not be afforded Second Amendment protection if they are not in "common use" 554 US at 627. The Maryland General Assembly defined common use for lawful militia purposes in the disputed sections by granting exceptions to certain militia members and law enforcement personnel. This limited applicability violated the equal protection clause of the Fourteenth Amendment because it allows one group of militia members to use weapons in the disputed sections for lawful militia purposes, while others are denied the the ability to use these same weapons for the same lawful militia purposes.

8. The disputed sections may be found constitutional if it can be found to be substantially related to an important governmental objective. The most important government objective in this case is the continued existence of the militia as it is defined in the Second Amendments of the US Constitution and Article 28 of the Declaration of Rights in the Maryland Constitution. The use of the militia for lawful militia purposes would address the public safety and crime issues raised by the defendants. The disputed sections prevent the very objectives that they are supposed to protect.

9. The codification of the Second Amendment makes it clear that individuals may keep and bear arms for lawful militia purposes. The disputed sections of the Maryland Firearm Safety Act of 2013 prevent individuals from doing this. It interferes with the ability to obtain additional firearms that would be more appropriate for different circumstances. It prevents lost, stolen, or damaged firearms from being replaced, which could prevent that individual from owning new/replacement firearms. It also prevents new individuals from joining because it prevents them from keeping and bearing the arms that the defendants themselves acknowledge are well suited and commonly used for lawful militia purposes.

10. The Amicus finds that the disputed sections of the Maryland Firearm Safety Act of 2013 are unconstitutional based on lawful militia purposes of the Second Amendment. The Amicus asks the court to evaluate the constitutionality of the disputed sections with respect to these purposes.

Dated: 7 March 2014

Respectfully submitted

John Cutonilli
1606 Portugal St
Baltimore, MD 21231
jcutonilli@gmail.com
410-675-9444

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of March, 2014, copies of this Motion for leave and Memorandum *Amicus Curiae* on behalf of John Cutonilli, were served, via US Mail (postage prepaid) and electronic delivery, to the addresses below:

Douglas F. Gansler
Attorney General of Maryland

Matthew J. Fader
Assistant Attorney General
mfader@oag.state.md.us
200 St. Paul Place, Baltimore, MD 21202

Dan Friedman
Assistant Attorney General
dfriedman@oag.state.md.us
90 State Circle, #104, Annapolis, MD 21401

Mark H. Bowen
Assistant Attorney General
mark.bowen@maryland.gov
1201 Reisterstown Road, Pikesville, MD 21208

*Counsel for Defendants*

John Parker Sweeney
JSweeney@babc.com
T. Sky Woodward
Swoodward@babc.com
Bradley Arant Boult Cummings LLP
1615 L Street, NW, Suite 1350
Washington, D.C. 20036

*Counsel for Plaintiffs*