Exhibit 27

to

Plaintiffs' Cross-Motion for Summary Judgment

and

Opposition to Defendants' Motion for Summary Judgment

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| STEPHEN V. KOLBE, et al.; | ) |
| | ) |
| Plaintiffs, | ) Case No.: 1:13-cv-02841-CCB |
| | ) |
| v. | ) |
| | ) |
| MARTIN J. O'MALLEY, et al.; | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT GOVERNOR MARTIN J. O'MALLEY'S ANWERS TO PLAINTIFF MARYLAND STATE RIFLE AND PISTOL ASSOCIATION'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Martin O'Malley, Governor, states as follows for his responses and objections to the plaintiffs first set of interrogatories.

## GENERAL OBJECTIONS

The Defendant's responses are subject to, qualified by, and limited by the following General Objections, which apply to each specific request as if incorporated and set forth in full in each response.

1.  The Defendant objects to these interrogatories because they were not timely served. Specifically, the interrogatories were served by mail on November 19, 2013, making responses due on December 23, 2013, which is after the close of fact discovery. Because the interrogatories were not served in sufficient time for responses to be due

1

before the conclusion of fact discovery, they were not in compliance with the scheduling order in this case, and no response is required.

2. The Defendant objects to these interrogatories to the extent that they request information about which the Defendant—a defendant only in his official capacity in a lawsuit challenging the constitutionality of a law enacted by the General Assembly—lacks any unique knowledge, and to the extent that they are duplicative of interrogatories submitted to the Maryland State Police, in response to which the Defendants have provided or summarized reasonably available information in response to other discovery requests, and further duplicative of information sought through requests for production of documents directed to all defendants. The plaintiff's submission of duplicative interrogatories—about which the Defendant lacks any unique personal knowledge—serves no purpose other than an attempt to harass the Defendant into participating personally in discovery with respect to a case in which his role is official, and as to which he lacks unique personal information.

3. The Defendant objects to these interrogatories to the extent that they seek discovery beyond or otherwise inconsistent with the discovery permitted by the Federal Rules of Civil Procedure, the local rules of this Court, or the Orders of the Court in this matter.

4. The Defendant objects to these interrogatories to the extent that they are overbroad, oppressive, duplicative, and cumulative.

5. The Defendant objects to these interrogatories to the extent that they are vague, ambiguous, fail to specify with reasonable particularity the information sought, or are otherwise incomprehensible.

6. The Defendant objects to these interrogatories to the extent that they require the Defendant to make legal conclusions, and/or presuppose legal conclusions that are disputed.

7. The Defendant objects to these interrogatories to the extent that they seek information that is protected from disclosure pursuant to the attorney-client privilege, the attorney work product doctrine, executive or legislative privilege, or otherwise is privileged, protected, or exempt from discovery.

8. The Defendant objects to these interrogatories to the extent that they seek information that is not relevant to the subject matter involved in this action, are not calculated to lead to the discovery of admissible evidence, or are beyond the scope of what is required to be provided by the Federal Rules of Civil Procedure, the local rules of this Court, or the Orders of the Court in this matter.

9. The Defendant objects to these interrogatories to the extent that they call for the disclosure of facts known, opinions held, and reports made by experts (testifying or non-testifying) acquired or developed in anticipation of litigation or for trial and not in conformity with the Federal Rules of Civil Procedure, the local rules of this Court, or the Orders of the Court in this matter. Expert discovery will be made according to the scheduling order governing this matter.

10. In addition to these General Objections, the Defendant also states, where appropriate, other specific objections to individual interrogatories. By setting forth such specific objections, the Defendant neither intends to, nor does, limit or restrict or waive the General Objections, which shall be deemed incorporated in each of the responses to the specific interrogatories that follow, though not specifically referred to or restated therein.

## ANSWERS

1. Identify anyone you expect to call as a witness in this action, and for each individual state with specificity the subject matter of his or her testimony.

Answer: Governor O'Malley incorporates and relies upon the General Objections, and notes the response of the Maryland State Police to the same interrogatory.

2. For each incident in which a Banned Firearm has been used to commit a crime in Maryland, identify the event and state the type, make, model, caliber, and manufacturer of the firearm, the type of crime, and whether any injuries were sustained.

Answer: Governor O'Malley incorporates and relies upon the General Objections, and notes the response of the Maryland State Police to the same interrogatory.

3. For each incident in which more than ten rounds were fired by a single perpetrator in Maryland, identify the event and state the type, make, model, caliber, and manufacturer of the firearm, the number of rounds discharged, the capacity of any

Magazines recovered from the crime scene or anytime thereafter that were used in the commission of the crime, and the number of victims.

Answer: Governor O'Malley incorporates and relies upon the General Objections, and notes the response of the Maryland State Police to the same interrogatory.

4. For each incident in which an individual used a Banned Firearm in defense of his or her home in Maryland and a report was made, identify the event and state the type, make, model, caliber, and manufacturer of the firearm, whether it was fired, and the number of shots fired.

Answer: Governor O'Malley incorporates and relies upon the General Objections, and notes the response of the Maryland State Police to the same interrogatory.

5. State any and all facts supporting your assertion that the Banned Firearms are "not well-suited for home defense."

Answer: Governor O'Malley incorporates and relies upon the General Objections, and notes the response of the Maryland State Police to the same interrogatory.

6. State any and all government interests in permitting retiring law enforcement officers in Maryland to have transferred to them a Banned Firearm at retirement.

Answer: Governor O'Malley incorporates and relies upon the General Objections, and notes the response of the Maryland State Police to the same interrogatory.

7. State any and all government interests in permitting retired law enforcement officers in Maryland to buy and sell Magazines capable of holding more than ten rounds.

Answer: Governor O'Malley incorporates and relies upon the General Objections, and notes the response of the Maryland State Police to the same interrogatory.

8. Identify each and every firearm owned by you, including its brand, model, make, caliber, features (such as a folding stock or flash hider), and date of acquisition.

Answer: In addition to the General Objections, on which Governor O'Malley relies, Governor O'Malley objects to interrogatory 8 as not reasonably calculated to lead to the discovery of admissible evidence.

9. Identify each and every Magazine owned by you, including its capacity, caliber, and date of acquisition.

Answer: In addition to the General Objections, on which Governor O'Malley relies, Governor O'Malley objects to interrogatory 9 as not reasonably calculated to lead to the discovery of admissible evidence.

10. Identify any firearms for which inquiry has been made as to whether a particular firearm is considered to be a Copy of an Enumerated Banned Firearm, including, but not limited to, any correspondence received by Defendant Maryland State

Police inquiring about whether a particular firearm is a Copy of an Enumerated Banned Firearm.

Answer: Governor O'Malley incorporates and relies upon the General Objections, and notes the response of the Maryland State Police to the same interrogatory.

11.  Identify any and all documents upon which you, or anyone else, relied in preparing your testimony before the General Assembly regarding the Maryland Firearm Safety Act.

Answer: In addition to the General Objections, Governor O'Malley objects to Interrogatory 11 because it purports to seek information protected by the executive, deliberative, and legislative privileges. Governor O'Malley further objects to Interrogatory 11 as vague, ambiguous, and overly broad to the extent that it purports to seek documents or communications relied upon by unidentified individuals other than himself. Governor O'Malley further objects to Interrogatory 11 as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because any documents or communications upon which Governor O'Malley or anyone else relied in preparing for testimony relating to the Firearm Safety Act—especially any documents or communications which would not have been responsive to any other request—have no conceivable relevance to any genuine issues in this litigation.

12. Identify any and all persons with whom you, or anyone else, consulted in preparing your testimony before the General Assembly regarding the Maryland Firearm Safety Act.

Answer: In addition to the General Objections, Governor O'Malley objects to Interrogatory 12 to the extent that it purports to seek information protected by the executive, deliberative, and legislative privileges. Governor O'Malley further objects to Interrogatory 12 to the extent that it purports to seek information about which he has no personal knowledge, including the identity of people who may have been consulted by people other than Governor O'Malley. Governor O'Malley further objects to Interrogatory 12 as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because the identity of individuals with whom he consulted in preparing for legislative testimony has no conceivable relevance to any genuine issues in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

13. State with specificity the basis or bases for your belief or contention that Banned Firearms are not commonly used by law-abiding, responsible citizens for lawful purposes in Maryland.

Answer: Governor O'Malley incorporates and relies upon the General Objections, and notes the response of the Maryland State Police to the same interrogatory.

14. State with specificity the basis or bases for your belief or contention that Magazines capable of holding more than ten rounds are not commonly used by law-abiding, responsible citizens for lawful purposes in Maryland.

Answer: Governor O'Malley incorporates and relies upon the General Objections, and notes the response of the Maryland State Police to the same interrogatory.

15. If you contend that any Plaintiff has made a statement, admission, or declaration against interest relating to the claims made in this lawsuit, identify the statement and all documents related to such statement.

Answer: Governor O'Malley incorporates and relies upon the General Objections. See the response of the Maryland State Police to the same interrogatory.

        As to objections:

        /s/
        Matthew J. Fader

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 23rd day of December, 2013, a copy of the foregoing Defendant's Answers to Plaintiff Maryland State Rifle and Pistol Association's First Set of Interrogatories was served by United States mail, postage pre-paid on, and sent by e-mail to:

    John Parker Sweeney, Esq. (JSweeney@babc.com)
    T. Sky Woodward, Esq. (SWoodward@babc.com)
    Bradley Arant Boult Cummings LLP
    1615 L Street N.W., Suite 1350
    Washington, D.C. 20036

                                        /s/
                                Matthew J. Fader