Exhibit 39

to

Plaintiffs' Cross-Motion for Summary Judgment

and

Opposition to Defendants' Motion for Summary Judgment

# SENATE BILL 281

E4                                                   (3lr0154)

### *ENROLLED BILL*

*— Judicial Proceedings/Judiciary and Health and Government Operations —*

Introduced by **The President (By Request – Administration) and Senators Benson, Conway, Currie, Ferguson, Forehand, Frosh, Kelley, King, Madaleno, Manno, Montgomery, Peters, Pinsky, Ramirez, Raskin, Robey, Rosapepe, Young,** ~~and Zirkin~~ **Zirkin,** ~~and Jones–Rodwell~~ **Jones–Rodwell, and McFadden**

Read and Examined by Proofreaders:

_____
Proofreader.

_____
Proofreader.

Sealed with the Great Seal and presented to the Governor, for his approval this

_____ day of _____ at _____ o'clock, _____M.

_____
President.

CHAPTER _____

1    AN ACT concerning

2                    **Firearm Safety Act of 2013**

3    FOR the purpose of *establishing a certain exception to the prohibition against carrying*
4       *a deadly weapon on public school property; making it a misdemeanor to possess*
5       *or use certain firearm ammunition during and in relation to the commission of a*
6       *certain crime of violence;* altering the authorization for a person to wear, carry,
7       or transport a handgun to be within certain limitations; designating certain
8       firearms as assault weapons; prohibiting, with certain exceptions, a person from
9       transporting an assault weapon into the State or possessing, selling, offering to
10      sell, transferring, purchasing, or receiving an assault weapon; ~~authorizing~~
11      ~~certain licensed firearms dealers to continue to possess, sell, offer for sale, or~~

---

EXPLANATION: **CAPITALS INDICATE MATTER ADDED TO EXISTING LAW.**
[Brackets] indicate matter deleted from existing law.
Underlining indicates amendments to bill.
~~Strike out~~ indicates matter stricken from the bill by amendment or deleted from the law by amendment.
*Italics indicate opposite chamber/conference committee amendments.*



**SENATE BILL 281**

1   ~~transfer assault long guns or copycat weapons~~ providing that certain
2   prohibitions relating to certain assault weapons and detachable magazines do
3   not apply to certain persons under certain circumstances; authorizing a person
4   to transport certain assault weapons under certain circumstances; authorizing
5   certain persons to continue to possess assault long guns or copycat weapons
6   under certain circumstances; ~~providing that certain registration requirements~~
7   ~~for certain assault weapons do not apply under certain circumstances;~~ altering
8   the maximum capacity of rounds of ammunition allowable to be manufactured,
9   sold, offered for sale, purchased, received, or transferred for a firearm, *with*
10  *certain exceptions*; making it a misdemeanor to use an assault long gun or a
11  copycat weapon or a magazine that exceeds a certain maximum capacity of
12  rounds of ammunition in the commission of a felony or crime of violence;
13  requiring a certain hearing officer, after making a certain determination, to
14  order certain individuals to surrender ~~or consign~~ firearms in the individual's
15  possession under certain circumstances; prohibiting an individual, while
16  hunting for any wild bird or mammal, from shooting or discharging a firearm
17  within a certain distance of a public or nonpublic school during certain times;
18  *repealing certain duties of the Police Training Commission relating to a certain*
19  *firearms safety training course;* requiring the Secretary of State Police to
20  disapprove an application for a State–regulated firearms dealer's license if the
21  Secretary determines that the applicant intends a certain person to participate
22  or hold a certain interest in the management or operation of the business for
23  which the license is sought; ~~requiring that~~ *requiring the Secretary to include*
24  *certain information in a certain notice if a State–regulated firearms dealer's*
25  *license application is denied; authorizing* the Secretary *to* suspend a dealer's
26  license if the licensee is not in compliance with certain record keeping and
27  reporting requirements; *authorizing the Secretary to lift a certain license*
28  *suspension under certain circumstances;* prohibiting a certain person from
29  selling, purchasing, renting, transferring, or receiving a certain regulated
30  firearm unless the person presents or possesses a certain handgun qualification
31  license issued by the Secretary ~~of State Police~~ or certain credentials or
32  identification; providing for certain exceptions to the requirement to present
33  and possess a certain handgun qualification license under certain
34  circumstances; establishing certain requirements and procedures for the
35  issuance and renewal of a certain handgun qualification license; authorizing the
36  Secretary to revoke a certain handgun qualification license under certain
37  circumstances; requiring a certain person to return a certain handgun
38  qualification license under certain circumstances; establishing certain
39  requirements and procedures for the issuance of a replacement handgun
40  qualification license under certain circumstances; requiring certain fees;
41  requiring a certain licensee or designated law enforcement agency to transfer a
42  certain firearm application to the Secretary in an electronic format; authorizing
43  a certain hearing for a certain aggrieved person under certain circumstances;
44  altering the information required in a certain statement for a certain firearm
45  application; altering the circumstances under which a person is prohibited from
46  possessing a certain regulated firearm; making it a misdemeanor for a certain
47  person to possess certain ammunition if the person is prohibited from

1   possessing a certain firearm under certain circumstances; establishing certain
2   penalties; requiring certain persons to provide certain data about a certain
3   person to a certain federal index in a certain manner under certain
4   circumstances; authorizing a certain person who is subject to certain
5   prohibitions from possessing certain firearms to apply for certain relief from
6   certain prohibitions under certain circumstances; establishing the procedures
7   and requirements for a person who is subject to certain prohibitions on the
8   possession of certain firearms to apply for certain relief for certain prohibitions;
9   ~~requiring certain persons to enter into a certain memorandum of understanding~~
10   *authorizing the Secretary of Health and Mental Hygiene to adopt certain*
11   *regulations; providing that certain individuals may not be held criminally or*
12   *civilly liable for certain actions*; requiring a person who moves into the State for
13   the purpose of establishing residency to register certain firearms within a
14   certain time period with the Secretary in a certain manner; <u>requiring that a</u>
15   <u>licensed dealer keep records of all receipts, sales, and other dispositions of</u>
16   <u>firearms affected in connection with the licensed dealer's business; requiring the</u>
17   <u>Secretary to adopt certain regulations specifying certain information; requiring</u>
18   <u>that the records that licensed dealers maintain include certain information;</u>
19   <u>specifying certain record keeping requirements to be met when a firearms</u>
20   <u>business is discontinued; requiring that a licensee respond in a certain way</u>
21   <u>after receipt of a request from the Secretary for certain information; authorizing</u>
22   <u>the Secretary to implement a system by which a certain person may request</u>
23   <u>certain information; requiring the Secretary to inspect the inventory and</u>
24   <u>records of a licensed dealer under certain circumstances; authorizing the</u>
25   <u>Secretary to conduct a certain inspection during a certain time;</u> *requiring*
26   *certain persons who sell or transfer regulated firearms to notify certain*
27   *purchasers or recipients at the time of purchase or transfer that the purchaser or*
28   *recipient is required to report a lost or stolen regulated firearm to a certain law*
29   *enforcement agency; requiring the owner of a regulated firearm to report the loss*
30   *or theft of the regulated firearm to a certain law enforcement agency within a*
31   *certain period of time after the owner discovers the loss or theft; requiring a law*
32   *enforcement agency on receipt of a report of a lost or stolen regulated firearm to*
33   *enter certain information into a certain database;* providing that certain
34   information is not open to public inspection; prohibiting a certain person from
35   possessing a rifle or shotgun under certain circumstances; <u>repealing a provision</u>
36   <u>of law that prohibits a certain person from possessing a rifle or shotgun unless</u>
37   <u>the person possesses a certain physician's certificate;</u> requiring a certain
38   applicant for a certain firearm permit to complete a certain firearm training
39   course under certain circumstances; exempting a certain applicant for a permit
40   from a certain training requirement under certain circumstances; <u>authorizing</u>
41   <u>the Secretary to issue a certain handgun qualification license without an</u>
42   <u>additional application or fee under certain circumstances;</u> *prohibiting public*
43   *inspection of the records of certain regulated firearm dealers, owners, or permit*
44   *holders; authorizing the individual named in the record and the individual's*
45   *attorney to view certain records; providing that this Act does not prohibit the*
46   *Department of Public Safety and Correctional Services and the Department of*
47   *State Police from accessing certain records in the performance of official duties;*

4                          **SENATE BILL 281**

1   defining certain terms; *requiring the Department of State Police to make certain*
2   *investigations and to report its findings to the Governor and the General*
3   *Assembly on or before a certain date; providing for the termination of certain*
4   *provisions of this Act;* and generally relating to firearms.

5   *BY adding to*
6       *Article – Criminal Law*
7       *Section 4–110*
8       *Annotated Code of Maryland*
9       *(2012 Replacement Volume and 2012 Supplement)*

10  BY repealing and reenacting, with amendments,
11      Article – Criminal Law
12      Section *4–102,* 4–203(b), and 4–301 through 4–306 to be under the amended
13          subtitle "Subtitle 3. Assault Weapons and Detachable Magazines"
14      Annotated Code of Maryland
15      (2012 Replacement Volume and 2012 Supplement)

16  BY adding to
17      Article – Health – General
18      Section 10–632(g)
19      Annotated Code of Maryland
20      (2009 Replacement Volume and 2012 Supplement)

21  BY repealing and reenacting, with amendments,
22      Article – Natural Resources
23      Section 10–410(g)
24      Annotated Code of Maryland
25      (2012 Replacement Volume)

26  BY repealing and reenacting, with amendments,
27      Article – Public Safety
28      Section *3–208,* 5–101, 5–110(a) *and (b),* 5–114(a), 5–115, 5–118(b)(2) and (3),
29          5–120, 5–133, 5–143, 5–205, 5–206, 5–301, and 5–306
30      Annotated Code of Maryland
31      (2011 Replacement Volume and 2012 Supplement)

32  BY adding to
33      Article – Public Safety
34      Section 5–117.1, 5–118(b)(4), 5–133.1, 5–133.2, 5–133.3, ~~and 5–143~~ 5–143, ~~and~~
35          5–145, *and 5–146*
36      Annotated Code of Maryland
37      (2011 Replacement Volume and 2012 Supplement)

38  BY repealing
39      Article – Public Safety
40      Section 5–119

1    Annotated Code of Maryland
2    (2011 Replacement Volume and 2012 Supplement)

3    *BY repealing and reenacting, without amendments,*
4    *Article – State Government*
5    *Section 10–616(a)*
6    *Annotated Code of Maryland*
7    *(2009 Replacement Volume and 2012 Supplement)*

8    *BY adding to*
9    *Article – State Government*
10   *Section 10–616(v)*
11   *Annotated Code of Maryland*
12   *(2009 Replacement Volume and 2012 Supplement)*

13   SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF
14   MARYLAND, That the Laws of Maryland read as follows:

**Article – Criminal Law**

16   *4–102.*

17   *(a)    This section does not apply to:*

18       *(1)    a law enforcement officer in the regular course of the officer's duty;*

19       ***(2)    AN OFF–DUTY LAW ENFORCEMENT OFFICER WHO IS A PARENT,***
20   ***GUARDIAN, OR VISITOR OF A STUDENT ATTENDING A SCHOOL LOCATED ON THE***
21   ***PUBLIC SCHOOL PROPERTY, PROVIDED THAT:***

22           ***(I)    THE OFFICER IS DISPLAYING THE OFFICER'S BADGE OR***
23   ***CREDENTIAL; AND***

24           ***(II)    THE WEAPON CARRIED OR POSSESSED BY THE OFFICER***
25   ***IS CONCEALED;***

26       *[(2)] (3)    a person hired by a county board of education specifically for*
27   *the purpose of guarding public school property;*

28       *[(3)] (4)    a person engaged in organized shooting activity for*
29   *educational purposes; or*

30       *[(4)] (5)    a person who, with a written invitation from the school*
31   *principal, displays or engages in a historical demonstration using a weapon or a*
32   *replica of a weapon for educational purposes.*

6                              **SENATE BILL 281**

1        *(b)      A person may not carry or possess a firearm, knife, or deadly weapon of*
2  *any kind on public school property.*

3        *(c)      (1)      Except as provided in paragraph (2) of this subsection, a person*
4  *who violates this section is guilty of a misdemeanor and on conviction is subject to*
5  *imprisonment not exceeding 3 years or a fine not exceeding $1,000 or both.*

6                *(2)      A person who is convicted of carrying or possessing a handgun in*
7  *violation of this section shall be sentenced under Subtitle 2 of this title.*

8  *4–110.*

9        *(A)      IN THIS SECTION, "RESTRICTED FIREARM AMMUNITION" MEANS A*
10 *CARTRIDGE, A SHELL, OR ANY OTHER DEVICE THAT:*

11                *(1)      CONTAINS EXPLOSIVE OR INCENDIARY MATERIAL DESIGNED*
12 *AND INTENDED FOR USE IN A FIREARM; AND*

13                *(2)      HAS A CORE CONSTRUCTED, EXCLUDING TRACES OF OTHER*
14 *SUBSTANCES, ENTIRELY FROM ONE OR A COMBINATION OF:*

15                        *(I)      TUNGSTEN ALLOYS;*

16                        *(II)     STEEL;*

17                        *(III)    IRON;*

18                        *(IV)     BRASS;*

19                        *(V)      BERYLLIUM COPPER;*

20                        *(VI)     DEPLETED URANIUM; OR*

21                        *(VII)    AN EQUIVALENT MATERIAL OF SIMILAR DENSITY OR*
22 *HARDNESS.*

23       *(B)      A PERSON MAY NOT, DURING AND IN RELATION TO THE COMMISSION*
24 *OF A CRIME OF VIOLENCE AS DEFINED IN § 14–101 OF THIS ARTICLE, POSSESS*
25 *OR USE RESTRICTED FIREARM AMMUNITION.*

26       *(C)      A  PERSON  WHO  VIOLATES  THIS  SECTION  IS  GUILTY  OF  A*
27 *MISDEMEANOR  AND  ON  CONVICTION  IS  SUBJECT  TO  IMPRISONMENT  NOT*
28 *EXCEEDING 5 YEARS OR A FINE NOT EXCEEDING $5,000 OR BOTH.*

29 4–203.

1   (b)  This section does not prohibit:

2      (1)  the wearing, carrying, or transporting of a handgun by a person
3 who [is on active assignment engaged in law enforcement,] is authorized at the time
4 and under the circumstances to wear, carry, or transport the handgun as part of the
5 person's official equipment, and is:

6        (i)  a law enforcement official of the United States, the State, or
7 a county or city of the State;

8        (ii)  a member of the armed forces of the United States or of the
9 National Guard on duty or traveling to or from duty;

10       (iii)  a law enforcement official of another state or subdivision of
11 another state temporarily in this State on official business;

12       (iv)  a correctional officer or warden of a correctional facility in
13 the State;

14       (v)  a sheriff or full–time assistant or deputy sheriff of the State;
15 or

16       (vi)  a temporary or part–time sheriff's deputy;

17      (2)  the wearing, carrying, or transporting of a handgun, IN
18 COMPLIANCE WITH ANY LIMITATIONS IMPOSED UNDER § 5–307 OF THE PUBLIC
19 SAFETY ARTICLE, by a person to whom a permit to wear, carry, or transport the
20 handgun has been issued under Title 5, Subtitle 3 of the Public Safety Article;

21      (3)  the carrying of a handgun on the person or in a vehicle while the
22 person is transporting the handgun to or from the place of legal purchase or sale, or to
23 or from a bona fide repair shop, or between bona fide residences of the person, or
24 between the bona fide residence and place of business of the person, if the business is
25 operated and owned substantially by the person if each handgun is unloaded and
26 carried in an enclosed case or an enclosed holster;

27      (4)  the wearing, carrying, or transporting by a person of a handgun
28 used in connection with an organized military activity, a target shoot, formal or
29 informal target practice, sport shooting event, hunting, a Department of Natural
30 Resources–sponsored firearms and hunter safety class, trapping, or a dog obedience
31 training class or show, while the person is engaged in, on the way to, or returning from
32 that activity if each handgun is unloaded and carried in an enclosed case or an
33 enclosed holster;

8                          **SENATE BILL 281**

1         (5)    the moving by a bona fide gun collector of part or all of the
2 collector's gun collection from place to place for public or private exhibition if each
3 handgun is unloaded and carried in an enclosed case or an enclosed holster;

4         (6)    the wearing, carrying, or transporting of a handgun by a person on
5 real estate that the person owns or leases or where the person resides or within the
6 confines of a business establishment that the person owns or leases;

7         (7)    the wearing, carrying, or transporting of a handgun by a
8 supervisory employee:

9               (i)    in the course of employment;

10             (ii)    within the confines of the business establishment in which
11 the supervisory employee is employed; and

12            (iii)    when so authorized by the owner or manager of the business
13 establishment;

14         (8)    the carrying or transporting of a signal pistol or other visual
15 distress signal approved by the United States Coast Guard in a vessel on the
16 waterways of the State or, if the signal pistol or other visual distress signal is
17 unloaded and carried in an enclosed case, in a vehicle; or

18         (9)    the wearing, carrying, or transporting of a handgun by a person
19 who is carrying a court order requiring the surrender of the handgun, if:

20               (i)    the handgun is unloaded;

21             (ii)    the person has notified the law enforcement unit, barracks,
22 or station that the handgun is being transported in accordance with the court order;
23 and

24            (iii)    the person transports the handgun directly to the law
25 enforcement unit, barracks, or station.

26        <u>Subtitle 3. Assault [Pistols] **WEAPONS** and Detachable Magazines.</u>

27 4–301.

28    **(A)**    **IN THIS SUBTITLE THE FOLLOWING WORDS HAVE THE MEANINGS**
29 **INDICATED.**

30    **(B)**    **"ASSAULT LONG GUN" MEANS ANY ASSAULT WEAPON LISTED**
31 **UNDER § 5–101(R)(2) OF THE PUBLIC SAFETY ARTICLE.**

(C)   [In this subtitle, "assault] **"ASSAULT** pistol" means any of the following firearms [or a copy regardless of the producer or manufacturer]:

(1)   AA Arms AP–9 semiautomatic pistol;

(2)   Bushmaster semiautomatic pistol;

(3)   Claridge HI–TEC semiautomatic pistol;

(4)   D Max Industries semiautomatic pistol;

(5)   Encom MK–IV, MP–9, or MP–45 semiautomatic pistol;

(6)   Heckler and Koch semiautomatic SP–89 pistol;

(7)   Holmes MP–83 semiautomatic pistol;

(8)   Ingram MAC 10/11 semiautomatic pistol and variations including the Partisan Avenger and the SWD Cobray;

(9)   Intratec TEC–9/DC–9 semiautomatic pistol in any centerfire variation;

(10)   P.A.W.S. type semiautomatic pistol;

(11)   Skorpion semiautomatic pistol;

(12)   Spectre double action semiautomatic pistol (Sile, F.I.E., Mitchell);

(13)   UZI semiautomatic pistol;

(14)   Weaver Arms semiautomatic Nighthawk pistol; or

(15)   Wilkinson semiautomatic "Linda" pistol.

(D)   **"ASSAULT WEAPON" MEANS:**

(1)   **AN ASSAULT LONG GUN;**

(2)   **AN ASSAULT PISTOL; OR**

(3)   **A COPYCAT WEAPON.**

(E)   (1)   **"COPYCAT WEAPON" MEANS:**

10                          SENATE BILL 281

1    (I) A SEMIAUTOMATIC CENTERFIRE RIFLE THAT CAN
2  ACCEPT A DETACHABLE MAGAZINE AND HAS ANY <u>TWO</u> OF THE FOLLOWING:

3    1. ~~A PISTOL GRIP THAT PROTRUDES~~
4  ~~CONSPICUOUSLY BENEATH THE ACTION OF THE WEAPON;~~

5    ~~2. A THUMBHOLE STOCK;~~

6    ~~3.~~ A FOLDING ~~OR TELESCOPING~~ STOCK;

7    ~~4. 3.~~ *2.* A GRENADE LAUNCHER OR FLARE LAUNCHER;
8  *OR*

9    ~~5. 4.~~ *3.* A FLASH SUPPRESSOR; ~~OR~~

10   ~~6. 5.~~ ~~A FORWARD PISTOL GRIP;~~

11   (II) A SEMIAUTOMATIC CENTERFIRE RIFLE THAT HAS A
12 FIXED MAGAZINE WITH THE CAPACITY TO ACCEPT MORE THAN **10** ROUNDS;

13   (III) A SEMIAUTOMATIC CENTERFIRE RIFLE THAT HAS AN
14 OVERALL LENGTH OF LESS THAN ~~30~~ *29* INCHES;

15   ~~(IV) A SEMIAUTOMATIC PISTOL THAT CAN ACCEPT A~~
16 ~~DETACHABLE MAGAZINE AND HAS ANY TWO OF THE FOLLOWING:~~

17   ~~1. A THREADED BARREL, CAPABLE OF ACCEPTING A~~
18 ~~FLASH SUPPRESSOR, FORWARD HANDGRIP, OR SILENCER;~~

19   ~~2. A SECOND HANDGRIP;~~

20   ~~3. A SHROUD THAT IS ATTACHED TO OR THAT~~
21 ~~PARTIALLY OR COMPLETELY ENCIRCLES THE BARREL, EXCEPT FOR A SLIDE~~
22 ~~THAT ENCLOSES THE BARREL, AND THAT ALLOWS THE BEARER TO FIRE THE~~
23 ~~WEAPON WITHOUT BURNING THE BEARER'S HAND; OR~~

24   ~~4. THE CAPACITY TO ACCEPT A DETACHABLE~~
25 ~~MAGAZINE OUTSIDE THE PISTOL GRIP;~~

26   ~~(V)~~ *(IV)* A SEMIAUTOMATIC PISTOL WITH A FIXED
27 MAGAZINE THAT CAN ACCEPT MORE THAN **10** ROUNDS;

28   ~~(VI)~~ *(V)* A SEMIAUTOMATIC SHOTGUN THAT HAS:

1                    ~~1.~~    A FOLDING ~~OR TELESCOPING~~ STOCK; ~~AND~~

2                    ~~2.~~    ~~A     PISTOL      GRIP      THAT      PROTRUDES~~
3     ~~CONSPICUOUSLY BENEATH THE ACTION OF THE WEAPON, THUMBHOLE STOCK,~~
4     ~~OR VERTICAL HANDGRIP;~~ OR

5                    ~~(VII)~~ *(VI)*    A SHOTGUN WITH A REVOLVING CYLINDER.

6            **(2)**    "COPYCAT WEAPON" DOES NOT INCLUDE AN ASSAULT LONG
7     GUN OR AN ASSAULT PISTOL.

8            **(F)**    "DETACHABLE MAGAZINE" MEANS AN AMMUNITION FEEDING
9     DEVICE THAT CAN BE REMOVED READILY FROM A FIREARM WITHOUT
10    REQUIRING DISASSEMBLY OF THE FIREARM ACTION OR WITHOUT THE USE OF A
11    TOOL, INCLUDING A BULLET OR CARTRIDGE.

12           **(G)**    "FLASH SUPPRESSOR" MEANS A DEVICE THAT FUNCTIONS, OR IS
13    INTENDED TO FUNCTION, TO PERCEPTIBLY REDUCE OR REDIRECT MUZZLE
14    FLASH FROM THE SHOOTER'S FIELD OF VISION.

15           ~~(H)    "FORWARD PISTOL GRIP" MEANS A GRIP THAT ALLOWS FOR A~~
16    ~~PISTOL-STYLE GRASP FORWARD OF THE TRIGGER.~~

17           ~~(I)~~ *(H)*    "LICENSED FIREARMS DEALER" MEANS A PERSON WHO
18    HOLDS A DEALER'S LICENSE UNDER TITLE 5, SUBTITLE 1 OF THE PUBLIC
19    SAFETY ARTICLE.

20           ~~(J)    "PISTOL GRIP THAT PROTRUDES CONSPICUOUSLY BENEATH THE~~
21    ~~ACTION OF THE WEAPON" MEANS A GRIP THAT ALLOWS FOR A PISTOL-STYLE~~
22    ~~GRASP IN WHICH THE WEB OF THE TRIGGER HAND BETWEEN THE THUMB AND~~
23    ~~INDEX FINGER CAN BE PLACED BELOW THE TOP OF THE EXPOSED PORTION OF~~
24    ~~THE TRIGGER WHILE FIRING.~~

25           ~~(K)    "THUMBHOLE STOCK" MEANS A STOCK WITH A HOLE THAT ALLOWS~~
26    ~~THE THUMB OF THE TRIGGER HAND TO PENETRATE INTO OR THROUGH THE~~
27    ~~STOCK WHILE FIRING.~~

28    4–302.

29           This subtitle does not apply to:

30           (1)    if acting within the scope of official business, personnel of the
31    United States government or a unit of that government, members of the armed forces
32    of the United States or of the National Guard, *~~MEMBERS OF THE MARYLAND~~*

12                              SENATE BILL 281

1     ~~DEFENSE FORCE,~~ or law enforcement personnel of the State or a local unit in the
2     State, OR A RAILROAD POLICE OFFICER AUTHORIZED UNDER TITLE 3 OF THE
3     PUBLIC SAFETY ARTICLE OR 49 U.S.C. § 28101;

4            (2)     a firearm modified to render it permanently inoperative;

5            (3)     POSSESSION, *IMPORTATION,* MANUFACTURE, RECEIPT FOR
6     MANUFACTURE, SHIPMENT FOR MANUFACTURE, *STORAGE,* purchases, sales, and
7     transport to or by a licensed firearms dealer or manufacturer who is:

8                   (i)     providing or servicing an assault [pistol] WEAPON or
9     detachable magazine for a law enforcement unit or for personnel exempted under item
10    (1) of this section; ~~or~~

11                  (ii)    acting to sell or transfer an assault [pistol] WEAPON or
12    detachable magazine to a licensed firearm dealer in another state *OR TO AN*
13    *INDIVIDUAL PURCHASER IN ANOTHER STATE THROUGH A LICENSED FIREARMS*
14    *DEALER*; OR

15                  (III)   ACTING TO RETURN TO A CUSTOMER IN ANOTHER STATE
16    AN ASSAULT WEAPON TRANSFERRED TO THE LICENSED FIREARMS DEALER OR
17    MANUFACTURER UNDER THE TERMS OF A WARRANTY OR FOR REPAIR;

18           (4)     organizations that are required or authorized by federal law
19    governing their specific business or activity to maintain assault [pistols] WEAPONS
20    and applicable ammunition and detachable magazines;

21           (5)     the receipt of an assault [pistol] WEAPON or detachable magazine
22    by inheritance, *AND POSSESSION OF THE INHERITED ASSAULT WEAPON OR*
23    *DETACHABLE MAGAZINE,* if the decedent lawfully possessed the assault [pistol]
24    WEAPON *OR DETACHABLE MAGAZINE AND THE PERSON INHERITING THE*
25    *ASSAULT WEAPON OR DETACHABLE MAGAZINE IS NOT OTHERWISE*
26    *DISQUALIFIED FROM POSSESSING A REGULATED FIREARM;* ~~or~~

27           (6)     the receipt of an assault [pistol] WEAPON or detachable magazine
28    by a personal representative of an estate for purposes of exercising the powers and
29    duties of a personal representative of an estate; ~~OR~~

30           (7)     POSSESSION BY A PERSON WHO IS RETIRED IN GOOD
31    STANDING FROM SERVICE WITH A LAW ENFORCEMENT AGENCY OF THE STATE
32    OR A LOCAL UNIT IN THE STATE AND IS NOT OTHERWISE PROHIBITED FROM
33    RECEIVING AN ASSAULT WEAPON OR DETACHABLE MAGAZINE IF:

1         **(I)**    THE ASSAULT WEAPON OR DETACHABLE MAGAZINE IS
2 SOLD OR TRANSFERRED TO THE PERSON BY THE LAW ENFORCEMENT AGENCY
3 ON RETIREMENT; OR

4         **(II)**   THE ASSAULT WEAPON OR DETACHABLE MAGAZINE WAS
5 PURCHASED OR OBTAINED BY THE PERSON FOR OFFICIAL USE WITH THE LAW
6 ENFORCEMENT AGENCY BEFORE RETIREMENT; ~~OR~~

7        **(8)**   POSSESSION OR TRANSPORT BY AN EMPLOYEE OF AN
8 ARMORED CAR COMPANY IF THE INDIVIDUAL IS ACTING WITHIN THE SCOPE OF
9 EMPLOYMENT AND HAS A PERMIT ISSUED UNDER TITLE 5, SUBTITLE 3 OF THE
10 PUBLIC SAFETY ARTICLE; OR

11        *__(9)__*   *POSSESSION, RECEIPT, AND TESTING BY, OR SHIPPING TO OR*
12 *FROM:*

13         *__(I)__*   *AN ISO 17025 ACCREDITED, NATIONAL INSTITUTE OF*
14 *JUSTICE–APPROVED BALLISTICS TESTING LABORATORY; OR*

15         *__(II)__*   *A FACILITY OR ENTITY THAT MANUFACTURES OR*
16 *PROVIDES RESEARCH AND DEVELOPMENT TESTING, ANALYSIS, OR*
17 *ENGINEERING FOR PERSONAL PROTECTIVE EQUIPMENT OR VEHICLE*
18 *PROTECTION SYSTEMS.*

19 4–303.

20     (a)    Except as provided in subsection (b) of this section, a person may not:

21        (1)    transport an assault [pistol] **WEAPON** into the State; or

22        (2)    possess, sell, offer to sell, transfer, purchase, or receive an assault
23 [pistol] **WEAPON**.

24     (b)    **(1)**    A person who lawfully possessed an assault pistol before June 1,
25 1994, and who registered the assault pistol with the Secretary of State Police before
26 August 1, 1994, may:

27        [(1)] **(I)**    continue to possess <u>**AND TRANSPORT**</u> the assault pistol; or

28        [(2)] **(II)**    while carrying a court order requiring the surrender of the
29 assault pistol, transport the assault pistol directly to the law enforcement unit,
30 barracks, or station if the person has notified the law enforcement unit, barracks, or
31 station that the person is transporting the assault pistol in accordance with a court
32 order and the assault pistol is unloaded.

SENATE BILL 281

1    (2) *A LICENSED FIREARMS DEALER MAY CONTINUE TO POSSESS,*
2 *SELL, OFFER FOR SALE, OR TRANSFER AN ASSAULT LONG GUN OR A COPYCAT*
3 *WEAPON THAT THE LICENSED FIREARMS DEALER LAWFULLY POSSESSED ON OR*
4 *BEFORE OCTOBER 1, 2013.*

5    ~~(3)~~ ~~A LICENSED FIREARMS DEALER MAY CONTINUE TO POSSESS,~~
6 ~~SELL, OFFER FOR SALE, OR TRANSFER AN ASSAULT LONG GUN OR A COPYCAT~~
7 ~~WEAPON THAT THE LICENSED FIREARMS DEALER LAWFULLY POSSESSED ON OR~~
8 ~~BEFORE OCTOBER 1, 2013.~~

9    ~~(3)~~ ~~(I)~~   A PERSON WHO LAWFULLY POSSESSED ~~OR PLACED A~~
10 ~~VERIFIABLE PURCHASE ORDER FOR,~~ *HAS A PURCHASE ORDER FOR, OR*
11 *COMPLETED AN APPLICATION TO PURCHASE* AN ASSAULT LONG GUN OR A
12 COPYCAT WEAPON BEFORE OCTOBER 1, 2013, ~~AND WHO REGISTERS THE~~
13 ~~ASSAULT LONG GUN OR COPYCAT WEAPON WITH THE SECRETARY OF STATE~~
14 ~~POLICE BEFORE NOVEMBER 1, 2013~~ *JANUARY 1, 2014,* MAY:

15    ~~(I)~~ ~~1.~~ *(I)*   ~~CONTINUE TO~~ POSSESS AND TRANSPORT THE
16 ASSAULT LONG GUN OR COPYCAT WEAPON; OR

17    ~~(II)~~ ~~2.~~ *(II)*   WHILE CARRYING A COURT ORDER REQUIRING
18 THE SURRENDER OF THE ASSAULT LONG GUN OR COPYCAT WEAPON,
19 TRANSPORT THE ASSAULT LONG GUN OR COPYCAT WEAPON DIRECTLY TO THE
20 LAW ENFORCEMENT UNIT, BARRACKS, OR STATION IF THE PERSON HAS
21 NOTIFIED THE LAW ENFORCEMENT UNIT, BARRACKS, OR STATION THAT THE
22 PERSON IS TRANSPORTING THE ASSAULT LONG GUN OR COPYCAT WEAPON IN
23 ACCORDANCE WITH A COURT ORDER AND THE ASSAULT LONG GUN OR COPYCAT
24 WEAPON IS UNLOADED.

25    ~~(II)~~ ~~A PERSON WHO PURCHASED AN ASSAULT LONG GUN~~
26 ~~BEFORE OCTOBER 1, 2013, AND REGISTERED THE ASSAULT LONG GUN WITH~~
27 ~~THE SECRETARY OF STATE POLICE IS NOT REQUIRED TO REREGISTER THE~~
28 ~~ASSAULT LONG GUN UNDER THIS SUBSECTION.~~

29    ~~(3)~~ ~~(I)~~ ~~SUBJECT TO PARAGRAPH (4) OF THIS SUBSECTION, A~~
30 ~~PERSON WHO LAWFULLY POSSESSED AN ASSAULT LONG GUN OR A COPYCAT~~
31 ~~WEAPON BEFORE OCTOBER 1, 2013, AND WHO VOLUNTARILY REGISTERS THE~~
32 ~~ASSAULT LONG GUN OR COPYCAT WEAPON ON OR AFTER NOVEMBER 1, 2013~~
33 ~~JANUARY 1, 2014, IS NOT SUBJECT TO THE PENALTIES IN § 4-306 OF THIS~~
34 ~~SUBTITLE.~~

35    ~~(II)~~   ~~A PERSON WHO VOLUNTARILY REGISTERS AN ASSAULT~~
36 ~~LONG GUN OR A COPYCAT WEAPON AS DESCRIBED IN SUBPARAGRAPH (I) OF~~
37 ~~THIS PARAGRAPH IS SUBJECT TO A CIVIL PENALTY NOT EXCEEDING $1,000:~~

1   ~~1.   BEFORE MAY 1, 2014, A CIVIL PENALTY NOT~~
2   ~~EXCEEDING $290 PER REGISTERED FIREARM;~~

3   ~~2.   ON OR AFTER MAY 1, 2014 AND BEFORE~~
4   ~~NOVEMBER 1, 2015, A CIVIL PENALTY NOT EXCEEDING $580 PER REGISTERED~~
5   ~~FIREARM; AND~~

6   ~~3.   ON OR AFTER NOVEMBER 1, 2015 AND BEFORE~~
7   ~~MAY 1, 2016, A CIVIL PENALTY NOT EXCEEDING $1,000 PER REGISTERED~~
8   ~~FIREARM.~~

9   ~~(4)   (I)   A PERSON WHO LAWFULLY POSSESSED AN ASSAULT~~
10  ~~LONG GUN OR A COPYCAT WEAPON BEFORE OCTOBER 1, 2013, AND WHO~~
11  ~~REGISTERS THE ASSAULT LONG GUN OR COPYCAT WEAPON ON OR AFTER~~
12  ~~NOVEMBER 1, 2013 JANUARY 1, 2014, ONLY AFTER BEING DISCOVERED IN~~
13  ~~POSSESSION OF THE ASSAULT LONG GUN OR COPYCAT WEAPON BY A LAW~~
14  ~~ENFORCEMENT OFFICER IS NOT SUBJECT TO THE PENALTIES IN § 4-306 OF THIS~~
15  ~~SUBTITLE.~~

16  ~~(II)   A PERSON DESCRIBED IN SUBPARAGRAPH (I) OF THIS~~
17  ~~PARAGRAPH IS GUILTY OF A MISDEMEANOR AND ON CONVICTION IS SUBJECT TO~~
18  ~~IMPRISONMENT NOT EXCEEDING 18 MONTHS 1 YEAR FOR EACH INCIDENT IN~~
19  ~~WHICH THE PERSON IS DISCOVERED WITH UNREGISTERED FIREARMS.~~

20  *(4)   A PERSON MAY TRANSPORT AN ASSAULT WEAPON TO OR*
21  *FROM:*

22  *(I)   AN ISO 17025 ACCREDITED, NATIONAL INSTITUTE OF*
23  *JUSTICE–APPROVED BALLISTICS TESTING LABORATORY; OR*

24  *(II)   A FACILITY OR ENTITY THAT MANUFACTURES OR*
25  *PROVIDES RESEARCH AND DEVELOPMENT TESTING, ANALYSIS, OR*
26  *ENGINEERING FOR PERSONAL PROTECTIVE EQUIPMENT OR VEHICLE*
27  *PROTECTION SYSTEMS.*

28  4–304.

29      A law enforcement unit may seize as contraband and dispose of according to
30  regulation an assault [pistol] WEAPON transported, sold, transferred, purchased,
31  received, or possessed in violation of this subtitle.

32  4–305.

16                               **SENATE BILL 281**

1      (a)     This section does not apply to**:**

2          **_(1)_**   a .22 caliber rifle with a tubular magazine**_; OR_**

3          **_(2)_**   _**A LAW ENFORCEMENT OFFICER OR A PERSON WHO RETIRED IN**_
4    _**GOOD STANDING FROM SERVICE WITH A LAW ENFORCEMENT AGENCY OF THE**_
5    _**UNITED STATES, THE STATE, OR ANY LAW ENFORCEMENT AGENCY IN THE**_
6    _**STATE**_.

7      (b)     A person may not manufacture, sell, offer for sale, purchase, receive, or
8    transfer a detachable magazine that has a capacity of more than [20] **10** rounds of
9    ammunition for a firearm.

10   4–306.

11     (a)     ~~A~~ **EXCEPT AS OTHERWISE PROVIDED IN THIS SUBTITLE, A** person
12   who violates this subtitle is guilty of a misdemeanor and on conviction is subject to
13   imprisonment not exceeding 3 years or a fine not exceeding $5,000 or both.

14     (b)     (1)     A person who uses an assault [pistol] **WEAPON**, or a magazine that
15   has a capacity of more than [20] **10** rounds of ammunition, in the commission of a
16   felony or a crime of violence as defined in § 5–101 of the Public Safety Article is guilty
17   of a misdemeanor and on conviction, in addition to any other sentence imposed for the
18   felony or crime of violence, shall be sentenced under this subsection.

19             (2)     (i)     For a first violation, the person shall be sentenced to
20   imprisonment for not less than 5 years and not exceeding 20 years.

21                     (ii)    The court may not impose less than the minimum sentence
22   of 5 years.

23                     (iii)   The mandatory minimum sentence of 5 years may not be
24   suspended.

25                     (iv)    Except as otherwise provided in § 4–305 of the Correctional
26   Services Article, the person is not eligible for parole in less than 5 years.

27             (3)     (i)     For each subsequent violation, the person shall be sentenced
28   to imprisonment for not less than 10 years and not exceeding 20 years.

29                     (ii)    The court may not impose less than the minimum sentence
30   of 10 years.

31                     (iii)   A sentence imposed under this paragraph shall be
32   consecutive to and not concurrent with any other sentence imposed for the felony or
33   crime of violence.

1            **Article – Health – General**

2    10–632.

3        (G)   IF A HEARING OFFICER ENTERS AN ORDER FOR INVOLUNTARY
4 ~~ADMISSION~~ *COMMITMENT* UNDER PART III OF THIS SUBTITLE AND THE
5 HEARING OFFICER DETERMINES THAT THE INDIVIDUAL CANNOT SAFELY
6 POSSESS A FIREARM BASED ON CREDIBLE EVIDENCE OF DANGEROUSNESS TO
7 OTHERS, THE HEARING OFFICER SHALL ORDER THE INDIVIDUAL WHO IS
8 SUBJECT TO THE INVOLUNTARY ~~ADMISSION~~ *COMMITMENT* TO:

9            **(1)**   ~~(I)~~   SURRENDER TO LAW ENFORCEMENT AUTHORITIES ANY
10 FIREARMS IN THE INDIVIDUAL'S POSSESSION~~; OR~~

11            ~~(II)~~   ~~TEMPORARILY CONSIGN ANY FIREARMS IN THE~~
12 ~~INDIVIDUAL'S POSSESSION TO A LICENSED DEALER FOR STORAGE OR~~
13 ~~CONSIGNMENT~~; AND

14            **(2)**   REFRAIN FROM POSSESSING A FIREARM UNLESS THE
15 INDIVIDUAL IS GRANTED RELIEF FROM FIREARMS DISQUALIFICATION IN
16 ACCORDANCE WITH § 5–133.3 OF THE PUBLIC SAFETY ARTICLE.

17            <u>**Article – Natural Resources**</u>

18    <u>10–410.</u>

19        <u>(g)</u>   <u>(1)</u>   <u>Except as provided in [paragraph (2)]</u> **PARAGRAPHS (2) AND (3)**
20 <u>of this subsection, a person, other than the owner or occupant, while hunting for any</u>
21 <u>wild bird or mammal may not shoot or discharge any firearm or other deadly weapon</u>
22 <u>within 150 yards, known as the "safety zone," of a dwelling house, residence, church,</u>
23 <u>or other building or camp occupied by human beings, or shoot at any wild bird or</u>
24 <u>mammal while it is within this area, without the specific advance permission of the</u>
25 <u>owner or occupant.</u>

26            **(2)**   **A PERSON, WHILE HUNTING FOR ANY WILD BIRD OR MAMMAL,**
27 **MAY NOT SHOOT OR DISCHARGE ANY FIREARM WITHIN 300 YARDS OF A PUBLIC**
28 **OR NONPUBLIC SCHOOL DURING SCHOOL HOURS OR AT A TIME WHEN A**
29 **SCHOOL–APPROVED ACTIVITY IS TAKING PLACE.**

30            <u>[(2)]</u> **(3)**   <u>For archery hunters in Carroll County or Frederick County,</u>
31 <u>the safety zone described in paragraph (1) of this subsection extends for 50 yards from</u>
32 <u>a dwelling house, residence, church, or any other building or camp occupied by human</u>
33 <u>beings.</u>

18                                  **SENATE BILL 281**

1         [(3)] **(4)**    During any open hunting season, a person, other than the
2    owner or occupant, may not hunt or chase willfully any wild bird or mammal within
3    the safety zone without the specific advance permission of the owner or occupant.

4                              **Article – Public Safety**

5    *3–208.*

6         *[(a)]* Subject to the authority of the Secretary, the Commission has the following
7    powers and duties:

8              *(1)*    to adopt regulations necessary or appropriate to carry out this
9    subtitle; and

10             *(2)*    to adopt regulations that establish and enforce standards for prior
11   substance abuse by individuals applying for certification as a police officer.

12        *[(b)*    Subject to subsections (c) and (d) of this section, the Commission shall
13   adopt regulations on or before January 1, 2001, for a certified firearms safety training
14   course required for an applicant for a regulated firearms purchase, rental, or transfer
15   made on or after January 1, 2002.

16        *(c)*    The certified firearms safety training course required under subsection (b)
17   of this section shall:

18             *(1)*    be offered by the Commission; or

19             *(2)*    contain a handgun safety component and be conducted by an
20   individual or organization certified by:

21                  *(i)*    the Commission;

22                  *(ii)*   the Department of Natural Resources;

23                  *(iii)*  the Department of State Police; or

24                  *(iv)*   any reputable organization:

25                       *1.*    that has as one of its objectives the promotion of
26   competency and safety in handling handguns; and

27                       *2.*    whose course has been determined by the Commission
28   to meet the regulations adopted by the Commission.

29        *(d)*    Any course offered by the Commission under subsection (c) of this section:

1        *(1)    shall be offered free of charge or fee;*

2        *(2)    may not be more than 2 hours in duration;*

3        *(3)    shall be conducted or offered at least once each week in all*
4    *geographic areas of the State;*

5        *(4)    shall be available after regular business hours;*

6        *(5)    shall be open to each individual required by law to complete the*
7    *firearms safety training course, within 2 weeks after request of the individual;*

8        *(6)    shall only require attendance throughout the duration of the course*
9    *in order to complete the course successfully; and*

10       *(7)    may not require any skills or knowledge testing in the use of a*
11   *regulated firearm in order to complete the course successfully.]*

12   5–101.

13       (a)    In this subtitle the following words have the meanings indicated.

14       (b)    "Antique firearm" has the meaning stated in § 4–201 of the Criminal Law
15   Article.

16       *(B–1) (1)   "CONVICTED OF A DISQUALIFYING CRIME" INCLUDES:*

17            *(I)    A CASE IN WHICH A PERSON RECEIVED PROBATION*
18   *BEFORE JUDGMENT FOR A CRIME OF VIOLENCE; AND*

19            *(II)    A CASE IN WHICH A PERSON RECEIVED PROBATION*
20   *BEFORE JUDGMENT IN A DOMESTICALLY RELATED CRIME AS DEFINED IN § 6–233*
21   *OF THE CRIMINAL PROCEDURE ARTICLE.*

22       *(2)    "CONVICTED OF A DISQUALIFYING CRIME" DOES NOT*
23   *INCLUDE A CASE IN WHICH A PERSON RECEIVED A PROBATION BEFORE*
24   *JUDGMENT:*

25            *(I)    FOR ASSAULT IN THE SECOND DEGREE; OR*

26            *(II)    THAT WAS EXPUNGED UNDER TITLE 10, SUBTITLE 1 OF*
27   *THE CRIMINAL PROCEDURE ARTICLE.*

28       (c)    "Crime of violence" means:

20                              **SENATE BILL 281**

(1)    abduction;

(2)    arson in the first degree;

(3)    assault in the first or second degree;

(4)    burglary in the first, second, or third degree;

(5)    carjacking and armed carjacking;

(6)    escape in the first degree;

(7)    kidnapping;

(8)    voluntary manslaughter;

(9)    maiming as previously proscribed under former Article 27, § 386 of the Code;

(10)   mayhem as previously proscribed under former Article 27, § 384 of the Code;

(11)   murder in the first or second degree;

(12)   rape in the first or second degree;

(13)   robbery;

(14)   robbery with a dangerous weapon;

(15)   sexual offense in the first, second, or third degree;

(16)   an attempt to commit any of the crimes listed in items (1) through (15) of this subsection; or

(17)   assault with intent to commit any of the crimes listed in items (1) through (15) of this subsection or a crime punishable by imprisonment for more than 1 year.

(d)    "Dealer" means a person who is engaged in the business of:

(1)    selling, renting, or transferring firearms at wholesale or retail; or

(2)    repairing firearms.

(e)    "Dealer's license" means a State regulated firearms dealer's license.

1   (f)   "Designated law enforcement agency" means a law enforcement agency
2   that the Secretary designates to process applications to purchase regulated firearms
3   for secondary sales.

4   (g)   "Disqualifying crime" means:

5         (1)   a crime of violence;

6         (2)   a violation classified as a felony in the State; or

7         (3)   a violation classified as a misdemeanor in the State that carries a
8   statutory penalty of more than 2 years.

9   (h)   (1)   "Firearm" means:

10              (i)   a weapon that expels, is designed to expel, or may readily be
11  converted to expel a projectile by the action of an explosive; or

12              (ii)   the frame or receiver of such a weapon.

13        (2)   "Firearm" includes a starter gun.

14  (i)   "Firearm applicant" means a person who makes a firearm application.

15  (j)   "Firearm application" means an application to purchase, rent, or transfer
16  a regulated firearm.

17  (k)   "Fugitive from justice" means a person who has fled to avoid prosecution
18  or giving testimony in a criminal proceeding.

19  (l)   "Habitual drunkard" means a person who has been found guilty of any
20  three crimes under § 21–902(a), (b), or (c) of the Transportation Article, one of which
21  occurred in the past year.

22  (m)   "Habitual user" means a person who has been found guilty of two
23  controlled dangerous substance crimes, one of which occurred in the past 5 years.

24  (n)   (1)   "Handgun" means a firearm with a barrel less than 16 inches in
25  length.

26        (2)   "Handgun" includes signal, starter, and blank pistols.

27  (O)   "HANDGUN QUALIFICATION LICENSE" MEANS A LICENSE ISSUED BY
28  THE SECRETARY THAT AUTHORIZES A PERSON TO PURCHASE, RENT, OR
29  RECEIVE A HANDGUN.

1        [(o)] **(P)**    "Licensee" means a person who holds a dealer's license.

2        **(Q)    "QUALIFIED HANDGUN INSTRUCTOR" MEANS A** ~~PERSON CERTIFIED~~
3  ~~BY THE SECRETARY WHO MEETS THE REQUIREMENTS ESTABLISHED BY THE~~
4  ~~SECRETARY TO PROVIDE TRAINING IN THE CARE, SAFETY, AND USE OF~~
5  ~~HANDGUNS~~ *CERTIFIED FIREARMS INSTRUCTOR WHO:*

6              *(1)    IS RECOGNIZED BY THE MARYLAND POLICE AND*
7  *CORRECTIONAL TRAINING COMMISSIONS;*

8              *(2)    HAS A QUALIFIED HANDGUN INSTRUCTOR LICENSE ISSUED BY*
9  *THE SECRETARY; OR*

10             *(3)    HAS A CERTIFICATION ISSUED* ~~AND RECOGNIZED BY A~~
11 ~~NATIONAL ORGANIZATION~~ *BY A NATIONALLY RECOGNIZED FIREARMS*
12 *ORGANIZATION.*

13       [(p)] **(R)**    "Regulated firearm" means:

14       (1)    a handgun; or

15       (2)    a firearm that is any of the following specific assault weapons or
16 their copies, regardless of which company produced and manufactured that assault
17 weapon:

18             (i)    American Arms Spectre da Semiautomatic carbine;

19             (ii)   AK–47 in all forms;

20             (iii)  Algimec AGM–1 type semi–auto;

21             (iv)   AR 100 type semi–auto;

22             (v)    AR 180 type semi–auto;

23             (vi)   Argentine L.S.R. semi–auto;

24             (vii)  Australian Automatic Arms SAR type semi–auto;

25             (viii) Auto–Ordnance Thompson M1 and 1927 semi–automatics;

26             (ix)   Barrett light .50 cal. semi–auto;

27             (x)    Beretta AR70 type semi–auto;

28             (xi)   Bushmaster semi–auto rifle;

1          (xii)   Calico models M–100 and M–900;

2          (xiii)  CIS SR 88 type semi–auto;

3          (xiv)   Claridge HI TEC C–9 carbines;

4          (xv)    Colt AR–15, CAR–15, and all imitations except Colt AR–15
5  Sporter H–BAR rifle;

6          (xvi)   Daewoo MAX 1 and MAX 2, aka AR 100, 110C, K–1, and
7  K–2;

8          (xvii)  Dragunov Chinese made semi–auto;

9          (xviii) Famas semi–auto (.223 caliber);

10         (xix)   Feather AT–9 semi–auto;

11         (xx)    FN LAR and FN FAL assault rifle;

12         (xxi)   FNC semi–auto type carbine;

13         (xxii)  F.I.E./Franchi LAW 12 and SPAS 12 assault shotgun;

14         (xxiii) Steyr–AUG–SA semi–auto;

15         (xxiv)  Galil models AR and ARM semi–auto;

16         (xxv)   Heckler and Koch HK–91 A3, HK–93 A2, HK–94 A2 and A3;

17         (xxvi)  Holmes model 88 shotgun;

18         (xxvii) Avtomat Kalashnikov semiautomatic rifle in any format;

19         (xxviii) Manchester Arms "Commando" MK–45, MK–9;

20         (xxix)  Mandell TAC–1 semi–auto carbine;

21         (xxx)   Mossberg model 500 Bullpup assault shotgun;

22         (xxxi)  Sterling Mark 6;

23         (xxxii) P.A.W.S. carbine;

24         (xxxiii) Ruger mini–14 folding stock model (.223 caliber);

24                         **SENATE BILL 281**

1        (xxxiv)    SIG 550/551 assault rifle (.223 caliber);

2        (xxxv)    SKS with detachable magazine;

3        (xxxvi)   AP–74 Commando type semi–auto;

4        (xxxvii) Springfield Armory BM–59, SAR–48, G3, SAR–3,
5    M–21 sniper rifle, M1A, excluding the M1 Garand;

6        (xxxviii)  Street sweeper assault type shotgun;

7        (xxxix)  Striker 12 assault shotgun in all formats;

8        (xl)     Unique F11 semi–auto type;

9        (xli)    Daewoo USAS 12 semi–auto shotgun;

10        (xlii)   UZI 9mm carbine or rifle;

11        (xliii)  Valmet M–76 and M–78 semi–auto;

12        (xliv)  Weaver Arms "Nighthawk" semi–auto carbine; or

13        (xlv)   Wilkinson Arms 9mm semi–auto "Terry".

14        [(q)] **(S)**    "Rent" means the temporary transfer for consideration of a
15    regulated firearm that is taken from the property of the owner of the regulated
16    firearm.

17        [(r)] **(T)**    "Secondary sale" means a sale of a regulated firearm in which
18    neither party to the sale:

19        (1)    is a licensee;

20        (2)    is licensed by the federal government as a firearms dealer;

21        (3)    devotes time, attention, and labor to dealing in firearms as a
22    regular course of trade or business with the principal objective of earning a profit
23    through the repeated purchase and resale of firearms; or

24        (4)    repairs firearms as a regular course of trade or business.

25        [(s)] **(U)**    "Secretary" means the Secretary of State Police or the Secretary's
26    designee.

SENATE BILL 281

1       [(t)] **(V)**    "Straw purchase" means a sale of a regulated firearm in which a
2  person uses another, known as the straw purchaser, to:

3           (1)    complete the application to purchase a regulated firearm;

4           (2)    take initial possession of the regulated firearm; and

5           (3)    subsequently transfer the regulated firearm to the person.

6  <u>5–110.</u>

7     <u>(a)</u>    <u>The Secretary shall disapprove an application for a dealer's license if:</u>

8           <u>(1)</u>    <u>the Secretary determines that the applicant supplied false</u>
9  <u>information or made a false statement;</u>

10         <u>(2)</u>    <u>the Secretary determines that the application is not properly</u>
11  <u>completed;</u> [or]

12         <u>(3)</u>    <u>the Secretary receives a written notification from the applicant's</u>
13  <u>licensed attending physician that the applicant suffers from a mental disorder and is a</u>
14  <u>danger to the applicant or to another;</u> **OR**

15         **(4)**    **THE SECRETARY DETERMINES THAT THE APPLICANT INTENDS**
16  **THAT A PERSON WHO IS NOT ELIGIBLE TO BE ISSUED A DEALER'S LICENSE OR**
17  **WHOSE DEALER'S LICENSE HAS BEEN REVOKED OR SUSPENDED:**

18            **(I)**   **WILL**   **PARTICIPATE**   **IN**   **THE**   **MANAGEMENT**   **OR**
19  **OPERATION OF THE BUSINESS FOR WHICH THE LICENSE IS SOUGHT; OR**

20            **(II)**   **HOLDS A LEGAL OR EQUITABLE INTEREST IN THE**
21  **BUSINESS FOR WHICH THE LICENSE IS SOUGHT.**

22     <u>*(b)*</u>    *If the Secretary disapproves an application for a dealer's license, the*
23  *Secretary shall notify the applicant in writing of:*

24           <u>*(1)*</u>    *the disapproval OF THE APPLICATION; AND*

25           <u>*(2)*</u>    ***THE REASON THE APPLICATION WAS DENIED.***

26  <u>5–114.</u>

27     <u>(a)</u>  <u>*(1)*</u>    <u>The Secretary shall suspend a dealer's license if the licensee:</u>

28         ~~(1)~~  <u>*(I)*</u>    <u>is under indictment for a crime of violence;</u> [or]

1      (2)   *(II)*   is arrested for a violation of this subtitle that prohibits the
2  purchase or possession of a regulated firearm; OR .

3      (3) *(2)*   *(I)*   *THE SECRETARY MAY SUSPEND A DEALER'S*
4  *LICENSE IF THE LICENSEE* IS NOT IN COMPLIANCE WITH THE RECORD KEEPING
5  AND REPORTING REQUIREMENTS OF § 5–145 OF THIS SUBTITLE.

6              *(II)*   *THE SECRETARY MAY LIFT A SUSPENSION UNDER THIS*
7  *PARAGRAPH AFTER THE LICENSEE PROVIDES EVIDENCE THAT THE RECORD*
8  *KEEPING VIOLATION HAS BEEN CORRECTED.*

9  5–115.

10      (a)   (1)   A person whose dealer's license is suspended or revoked OR WHO
11  IS FINED FOR A VIOLATION OF THIS SUBTITLE and who is aggrieved by the action
12  of the Secretary may request a hearing by writing to the Secretary within 30 days
13  after the Secretary forwards notice to the applicant under § 5–114(c) of this subtitle.

14      (2)   The Secretary shall grant the hearing within 15 days after
15  receiving the request.

16      (b)   The hearing shall be held in accordance with Title 10, Subtitle 2 of the
17  State Government Article.

18  **5–117.1.**

19  (A)   THIS SECTION DOES NOT APPLY TO:

20          (1)   A LICENSED FIREARMS MANUFACTURER;

21          (2)   A LAW ENFORCEMENT OFFICER OR PERSON WHO IS RETIRED
22  IN GOOD STANDING FROM SERVICE WITH A LAW ENFORCEMENT AGENCY OF THE
23  UNITED STATES, THE STATE, OR A LOCAL LAW ENFORCEMENT AGENCY OF THE
24  STATE; OR

25          (3)   A MEMBER OR RETIRED MEMBER OF THE ARMED FORCES OF
26  THE UNITED STATES OR, OR THE NATIONAL GUARD, OR THE MARYLAND
27  DEFENSE FORCE; OR

28          *(4)*   *A PERSON PURCHASING, RENTING, OR RECEIVING AN*
29  *ANTIQUE, CURIO, OR RELIC FIREARM, AS DEFINED IN FEDERAL LAW OR IN*
30  *DETERMINATIONS PUBLISHED BY THE BUREAU OF ALCOHOL, TOBACCO,*
31  *FIREARMS AND EXPLOSIVES.*

1    (A) (B)     A DEALER OR ANY OTHER PERSON MAY NOT SELL, RENT, OR
2   TRANSFER A ~~REGULATED FIREARM~~ *HANDGUN* TO A PURCHASER, LESSEE, OR
3   TRANSFEREE UNLESS THE PURCHASER, LESSEE, OR TRANSFEREE PRESENTS TO
4   THE DEALER OR OTHER PERSON A VALID ~~REGULATED FIREARM~~ HANDGUN
5   QUALIFICATION LICENSE ISSUED TO THE PURCHASER, LESSEE, OR TRANSFEREE
6   BY THE SECRETARY UNDER THIS SECTION.

7    (B) (C)     A PERSON MAY PURCHASE, RENT, OR RECEIVE A HANDGUN
8   ONLY IF THE PERSON:

9         (1)  (I)     POSSESSES A VALID HANDGUN QUALIFICATION LICENSE
10   ISSUED TO THE PERSON BY THE SECRETARY IN ACCORDANCE WITH THIS
11   SECTION; ~~AND~~

12        (II)     POSSESSES VALID CREDENTIALS FROM A LAW
13   ENFORCEMENT AGENCY OR RETIREMENT CREDENTIALS FROM A LAW
14   ENFORCEMENT AGENCY; ~~OR~~

15        (III)    IS AN ACTIVE OR RETIRED MEMBER OF THE ARMED
16   FORCES OF THE UNITED STATES ~~OR,~~ OR THE NATIONAL GUARD, ~~OR THE~~
17   ~~MARYLAND DEFENSE FORCE~~ AND POSSESSES A VALID MILITARY
18   IDENTIFICATION CARD; ~~AND~~ OR

19        *(IV)    IS PURCHASING, RENTING, OR RECEIVING AN ANTIQUE,*
20   *CURIO, OR RELIC FIREARM, AS DEFINED IN FEDERAL LAW OR IN*
21   *DETERMINATIONS PUBLISHED BY THE BUREAU OF ALCOHOL, TOBACCO,*
22   *FIREARMS AND EXPLOSIVES; AND*

23        (2)     IS NOT OTHERWISE PROHIBITED FROM PURCHASING OR
24   POSSESSING A HANDGUN UNDER STATE OR FEDERAL LAW.

25    (C) (D)     SUBJECT TO SUBSECTIONS ~~(E) AND (F)~~ (F) AND (G) OF THIS
26   SECTION, THE SECRETARY SHALL ISSUE A HANDGUN QUALIFICATION LICENSE
27   TO A PERSON WHO THE SECRETARY FINDS:

28        (1)  ~~(I)~~     IS AT LEAST 21 YEARS OLD; ~~OR~~

29        ~~(II)    IS AT LEAST 18 YEARS OLD IF THE PERSON IS A MEMBER~~
30   ~~OF THE UNITED STATES ARMED FORCES, THE NATIONAL GUARD, OR THE~~
31   ~~MARYLAND DEFENSE FORCE;~~

32        (2)     IS A RESIDENT OF THE STATE;

28                                   SENATE BILL 281

1       (3)   EXCEPT AS PROVIDED IN SUBSECTION ~~(D)~~ (E) OF THIS
2  SECTION, HAS DEMONSTRATED SATISFACTORY COMPLETION, :

3          ~~(I).~~ WITHIN ~~1 YEAR~~ 3 YEARS PRIOR TO THE SUBMISSION OF
4  THE APPLICATION, OF A FIREARMS SAFETY TRAINING COURSE APPROVED BY
5  THE SECRETARY THAT INCLUDES:

6              ~~(I)~~    ~~1.~~ (I)   A MINIMUM OF ~~8~~ 4 HOURS OF INSTRUCTION BY A
7  QUALIFIED HANDGUN INSTRUCTOR;

8              ~~(II)~~    ~~2.~~ (II)  CLASSROOM INSTRUCTION ON:

9                   ~~1.~~ ~~A.~~ 1.   STATE FIREARM LAW;

10                  ~~2.~~ ~~B.~~ 2.   HOME FIREARM SAFETY; AND

11                  ~~3.~~ ~~C.~~ 3.   HANDGUN MECHANISMS AND OPERATION; AND

12             ~~(III)~~ ~~(II)~~ (III)    ~~WITHIN   10   YEARS   PRIOR   TO   THE~~
13  ~~SUBMISSION OF THE APPLICATION, OF A FIREARMS SAFETY TRAINING COURSE~~
14  ~~APPROVED BY THE SECRETARY THAT INCLUDES~~ A FIREARMS ~~QUALIFICATION~~
15  ~~COMPONENT THAT DEMONSTRATES THE PERSON'S PROFICIENCY AND USE OF~~
16  ~~THE~~ ORIENTATION COMPONENT THAT DEMONSTRATES THE PERSON'S SAFE
17  OPERATION AND HANDLING OF A FIREARM; AND

18      (4)   BASED ON AN INVESTIGATION, IS NOT PROHIBITED BY
19  FEDERAL OR STATE LAW FROM PURCHASING OR POSSESSING A HANDGUN.

20      ~~(D)~~ (E)   AN APPLICANT FOR A HANDGUN QUALIFICATION LICENSE IS
21  NOT REQUIRED TO COMPLETE A FIREARMS SAFETY TRAINING COURSE UNDER
22  SUBSECTION ~~(C)~~ (D) OF THIS SECTION IF THE APPLICANT:

23          (1)   ~~IS A LAW ENFORCEMENT OFFICER OF THE UNITED STATES,~~
24  ~~THE STATE, OR ANY LOCAL LAW ENFORCEMENT AGENCY IN THE STATE;~~

25          ~~(2)~~   ~~IS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES~~
26  ~~OR THE NATIONAL GUARD; OR~~

27          ~~(3)~~   HAS COMPLETED A CERTIFIED FIREARMS TRAINING COURSE
28  APPROVED BY THE SECRETARY; ~~OR~~

29          (2)   HAS COMPLETED A COURSE OF INSTRUCTION IN COMPETENCY
30  AND SAFETY IN THE HANDLING OF FIREARMS PRESCRIBED BY THE DEPARTMENT

1    *OF NATURAL RESOURCES UNDER § 10–301.1 OF THE NATURAL RESOURCES*
2    *ARTICLE;*

3              ~~(2)~~ *(3)*      IS ~~CURRENTLY A CERTIFIED FIREARMS INSTRUCTOR~~
4    ~~WHO:~~

5                   ~~(I)     IS RECOGNIZED BY THE MARYLAND POLICE AND~~
6    ~~CORRECTIONAL TRAINING COMMISSIONS;~~

7                   ~~(II)    HAS A QUALIFIED HANDGUN INSTRUCTOR LICENSE~~
8    ~~ISSUED BY THE SECRETARY; OR~~

9                   ~~(III)   HAS A CERTIFICATION ISSUED AND RECOGNIZED BY A~~
10   ~~NATIONAL ORGANIZATION~~ *A QUALIFIED HANDGUN INSTRUCTOR;* ~~OR~~

11             ~~(3)~~ *(4)*      IS AN HONORABLY DISCHARGED MEMBER OF THE
12   ARMED FORCES OF THE UNITED STATES OR THE NATIONAL GUARD; ~~OR~~

13             ~~(4)~~ *(5)*      IS AN EMPLOYEE OF AN ARMORED CAR COMPANY AND
14   HAS A PERMIT ISSUED UNDER TITLE 5, SUBTITLE 3 OF THE PUBLIC SAFETY
15   ARTICLE *; OR*

16             *(6)      LAWFULLY OWNS A REGULATED FIREARM.*

17   ~~(E)~~ *(F)*     (1)    IN THIS SUBSECTION, "CENTRAL REPOSITORY" MEANS
18   THE CRIMINAL JUSTICE INFORMATION SYSTEM CENTRAL REPOSITORY OF THE
19   DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES.

20             (2)      ~~IN ORDER TO OBTAIN A HANDGUN QUALIFICATION LICENSE,~~
21   ~~AN APPLICANT SHALL APPLY TO THE CENTRAL REPOSITORY FOR A NATIONAL~~
22   ~~AND STATE CRIMINAL HISTORY RECORDS CHECK~~ THE SECRETARY SHALL
23   APPLY TO THE CENTRAL REPOSITORY FOR A STATE AND NATIONAL CRIMINAL
24   HISTORY RECORDS CHECK FOR EACH APPLICANT FOR A HANDGUN
25   QUALIFICATION LICENSE.

26             (3)      AS PART OF THE APPLICATION FOR A CRIMINAL HISTORY
27   RECORDS CHECK, THE ~~APPLICANT~~ SECRETARY SHALL SUBMIT TO THE
28   CENTRAL REPOSITORY:

29                   (I)    ~~TWO COMPLETE SETS~~ A COMPLETE SET OF THE
30   APPLICANT'S LEGIBLE FINGERPRINTS TAKEN IN A FORMAT APPROVED BY THE
31   DIRECTOR OF THE CENTRAL REPOSITORY AND THE DIRECTOR OF THE
32   FEDERAL BUREAU OF INVESTIGATION;

1                    (II)   THE FEE AUTHORIZED UNDER § 10–221(B)(7) OF THE
2   CRIMINAL PROCEDURE ARTICLE FOR ACCESS TO MARYLAND CRIMINAL
3   HISTORY RECORDS; AND

4                    (III)   THE MANDATORY PROCESSING FEE REQUIRED BY THE
5   FEDERAL BUREAU OF INVESTIGATION FOR A NATIONAL CRIMINAL HISTORY
6   RECORDS CHECK.

7             (4)   THE CENTRAL REPOSITORY SHALL PROVIDE A RECEIPT TO
8   THE APPLICANT FOR THE FEES PAID IN ACCORDANCE WITH PARAGRAPH (3)(II)
9   AND (III) OF THIS SUBSECTION.

10            (5)   IN ACCORDANCE WITH §§ 10–201 THROUGH 10–234 OF THE
11  CRIMINAL PROCEDURE ARTICLE, THE CENTRAL REPOSITORY SHALL FORWARD
12  TO THE APPLICANT AND THE SECRETARY A PRINTED STATEMENT OF THE
13  APPLICANT'S CRIMINAL HISTORY INFORMATION.

14            (6)   INFORMATION OBTAINED FROM THE CENTRAL REPOSITORY
15  UNDER THIS SECTION:

16                   (I)   IS CONFIDENTIAL AND MAY NOT BE DISSEMINATED; AND

17                   (II)   SHALL BE USED ONLY FOR THE LICENSING PURPOSE
18  AUTHORIZED BY THIS SECTION.

19            (7)   IF CRIMINAL HISTORY RECORD INFORMATION IS REPORTED
20  TO THE CENTRAL REPOSITORY AFTER THE DATE OF THE INITIAL CRIMINAL
21  HISTORY RECORDS CHECK, THE CENTRAL REPOSITORY SHALL PROVIDE TO THE
22  DEPARTMENT OF STATE POLICE LICENSING DIVISION A REVISED PRINTED
23  STATEMENT OF THE APPLICANT'S OR LICENSEE'S STATE CRIMINAL HISTORY
24  RECORD.

25       (F) (G)   AN APPLICANT FOR A HANDGUN QUALIFICATION LICENSE
26  SHALL SUBMIT TO THE SECRETARY:

27            (1)   AN APPLICATION IN THE MANNER AND FORMAT DESIGNATED
28  BY THE SECRETARY;

29            (2)   A NONREFUNDABLE APPLICATION FEE OF $100 TO COVER
30  THE COSTS TO ADMINISTER THE PROGRAM OF UP TO $50 $25 $50;

31            (3)   (I)   PROOF OF SATISFACTORY COMPLETION OF:

1              *1.*   A   FIREARMS   SAFETY   TRAINING   COURSE
2  APPROVED BY THE SECRETARY; *OR*

3              *2.*   *A COURSE OF INSTRUCTION IN COMPETENCY AND*
4  *SAFETY IN THE HANDLING OF FIREARMS PRESCRIBED BY THE DEPARTMENT OF*
5  *NATURAL RESOURCES UNDER § 10–301.1 OF THE NATURAL RESOURCES*
6  *ARTICLE; OR*

7              *(II)*   *A VALID FIREARMS INSTRUCTOR CERTIFICATION;*

8              (4)   ANY OTHER IDENTIFYING INFORMATION OR DOCUMENTATION
9  REQUIRED BY THE SECRETARY; AND

10             (5)   A STATEMENT MADE BY THE APPLICANT UNDER THE PENALTY
11 OF PERJURY THAT THE APPLICANT IS NOT PROHIBITED UNDER FEDERAL OR
12 STATE LAW FROM POSSESSING A HANDGUN.

13     ~~(G)~~ (H)   *(1)*   WITHIN 30 DAYS AFTER RECEIVING A PROPERLY
14 COMPLETED APPLICATION, THE SECRETARY SHALL ISSUE TO THE APPLICANT:

15             ~~(1)~~ *(I)*   A   HANDGUN   QUALIFICATION   LICENSE   IF   THE
16 APPLICANT IS APPROVED; OR

17             ~~(2)~~ *(II)*   A   WRITTEN   DENIAL   OF   THE   APPLICATION   THAT
18 CONTAINS:

19             ~~(I)~~ *1.*   *THE REASON THE APPLICATION WAS DENIED; AND*

20             ~~(II)~~ *2.*   A   STATEMENT   OF   THE   APPLICANT'S   APPEAL
21 RIGHTS UNDER SUBSECTION ~~(J)~~ (L) OF THIS SECTION.

22             *(2)*   *(I)*   *AN INDIVIDUAL WHOSE FINGERPRINTS HAVE BEEN*
23 *SUBMITTED TO THE CENTRAL REPOSITORY, AND WHOSE APPLICATION HAS*
24 *BEEN DENIED, MAY REQUEST THAT THE RECORD OF THE FINGERPRINTS BE*
25 *EXPUNGED BY OBLITERATION.*

26             *(II)*   *PROCEEDINGS TO EXPUNGE A RECORD UNDER THIS*
27 *PARAGRAPH SHALL BE CONDUCTED IN ACCORDANCE WITH § 10–105 OF THE*
28 *CRIMINAL PROCEDURE ARTICLE.*

29             *(III)*   *ON RECEIPT OF AN ORDER TO EXPUNGE A FINGERPRINT*
30 *RECORD, THE CENTRAL REPOSITORY SHALL EXPUNGE BY OBLITERATION THE*
31 *FINGERPRINTS SUBMITTED AS PART OF THE APPLICATION PROCESS.*

32                              SENATE BILL 281

1        (IV)   AN INDIVIDUAL MAY NOT BE CHARGED A FEE FOR THE
2   EXPUNGEMENT OF A FINGERPRINT RECORD IN ACCORDANCE WITH THIS
3   PARAGRAPH.

4        (H) (I)      (1)    A HANDGUN QUALIFICATION LICENSE ISSUED UNDER
5   THIS SECTION EXPIRES 5 10 YEARS FROM THE DATE OF ISSUANCE.

6        (2) (J)      (1)    THE HANDGUN QUALIFICATION LICENSE MAY BE
7   RENEWED FOR SUCCESSIVE PERIODS OF 5 10 YEARS EACH IF, AT THE TIME OF
8   AN   APPLICATION   FOR   RENEWAL,   THE   APPLICANT   POSSESSES   THE
9   QUALIFICATIONS  FOR  THE  ISSUANCE  OF  THE  HANDGUN  QUALIFICATION
10  LICENSE AND PAYS THE FEES REQUIRED IN SUBSECTIONS (E)(3) AND (F)(2) OF
11  THIS SECTION:

12       (I)    POSSESSES THE QUALIFICATIONS FOR THE ISSUANCE
13  OF THE HANDGUN QUALIFICATION LICENSE; AND

14       (II)   SUBMITS A NONREFUNDABLE APPLICATION FEE TO
15  COVER THE COSTS TO ADMINISTER THE PROGRAM UP TO $20.

16       (2)    AN APPLICANT RENEWING A HANDGUN QUALIFICATION
17  LICENSE UNDER THIS SUBSECTION IS NOT REQUIRED TO:

18       (I)    COMPLETE THE FIREARMS SAFETY TRAINING COURSE
19  REQUIRED IN SUBSECTION (D)(3) OF THIS SECTION; OR

20       (II)   SUBMIT TO A STATE AND NATIONAL CRIMINAL HISTORY
21  RECORDS CHECK AS REQUIRED IN SUBSECTION (F) OF THIS SECTION.

22       (I) (K)      (1)    THE   SECRETARY   MAY   REVOKE   A   HANDGUN
23  QUALIFICATION LICENSE ISSUED OR RENEWED UNDER THIS SECTION ON A
24  FINDING THAT THE LICENSEE NO LONGER SATISFIES THE QUALIFICATIONS SET
25  FORTH IN SUBSECTION (C) (D) OF THIS SECTION.

26       (2)    A PERSON HOLDING A HANDGUN QUALIFICATION LICENSE
27  THAT HAS BEEN REVOKED BY THE SECRETARY SHALL RETURN THE LICENSE TO
28  THE SECRETARY WITHIN 5 DAYS AFTER RECEIPT OF THE NOTICE OF
29  REVOCATION.

30       (J) (L)      (1)    A PERSON WHOSE ORIGINAL OR RENEWAL APPLICATION
31  FOR A HANDGUN QUALIFICATION LICENSE IS DENIED OR WHOSE HANDGUN
32  QUALIFICATION LICENSE IS REVOKED, MAY SUBMIT A WRITTEN REQUEST TO
33  THE SECRETARY FOR A HEARING WITHIN 30 DAYS AFTER THE DATE THE

1   WRITTEN NOTICE OF THE DENIAL OR REVOCATION WAS SENT TO THE
2   AGGRIEVED PERSON.

3         (2)   A HEARING UNDER THIS SECTION SHALL BE GRANTED BY THE
4   SECRETARY WITHIN 15 DAYS AFTER THE REQUEST.

5         (3)   A HEARING AND ANY SUBSEQUENT PROCEEDINGS OF
6   JUDICIAL REVIEW UNDER THIS SECTION SHALL BE CONDUCTED IN
7   ACCORDANCE WITH TITLE 10, SUBTITLE 2 OF THE STATE GOVERNMENT
8   ARTICLE.

9         (4)   A HEARING UNDER THIS SECTION SHALL BE HELD IN THE
10  COUNTY OF THE LEGAL RESIDENCE OF THE AGGRIEVED PERSON.

11  (M)   (1)   IF AN ORIGINAL OR RENEWAL HANDGUN QUALIFICATION
12  LICENSE IS LOST OR STOLEN, A PERSON MAY SUBMIT A WRITTEN REQUEST TO
13  THE SECRETARY FOR A REPLACEMENT LICENSE.

14        (2)   UNLESS THE APPLICANT IS OTHERWISE DISQUALIFIED, THE
15  SECRETARY SHALL ISSUE A REPLACEMENT HANDGUN QUALIFICATION LICENSE
16  ON RECEIPT OF A WRITTEN REQUEST AND A NONREFUNDABLE FEE TO COVER
17  THE COST OF REPLACEMENT UP TO $20.

18  (N)   THE SECRETARY MAY ADOPT REGULATIONS TO CARRY OUT THE
19  PROVISIONS OF THIS SECTION.

20  5–118.

21        (b)   A firearm application shall contain:

22        (2)   the date and time that the firearm applicant delivered the
23  completed firearm application to the prospective seller or transferor; [and]

24        (3)   a statement by the firearm applicant under the penalty of perjury
25  that the firearm applicant:

26              (i)   1.   is at least 21 years old; OR

27              2.   IS AT LEAST 18 YEARS OLD IF THE FIREARM
28  APPLICANT IS A MEMBER OF THE UNITED STATES ARMED FORCES, THE
29  NATIONAL GUARD, OR THE MARYLAND DEFENSE FORCE;

30              (ii)   has never been convicted of a disqualifying crime;

SENATE BILL 281

1         (iii)  has never been convicted of a violation classified as a
2  common law crime and received a term of imprisonment of more than 2 years;

3         (iv)  is not a fugitive from justice;

4         (v)  is not a habitual drunkard;

5         (vi)  is not addicted to a controlled dangerous substance or is not
6  a habitual user;

7         **(VII)  DOES NOT SUFFER FROM A MENTAL DISORDER AS**
8  **DEFINED IN § 10–101(F)(2) OF THE HEALTH – GENERAL ARTICLE AND HAVE A**
9  **HISTORY OF VIOLENT BEHAVIOR AGAINST** ~~THEMSELVES~~ **THE FIREARM**
10  **APPLICANT OR ANOTHER,** ~~UNLESS THE PERSON HAS A PHYSICIAN'S~~
11  ~~CERTIFICATE THAT THE PERSON IS CAPABLE OF POSSESSING A REGULATED~~
12  ~~FIREARM WITHOUT UNDUE DANGER TO THE PERSON OR TO ANOTHER;~~

13         ~~(vii)~~ **(VIII)**  has never ~~spent more than 30 consecutive days in a~~
14  ~~medical institution for treatment of a mental disorder, unless a physician's certificate~~
15  ~~issued within 30 days before the date of application is attached to the application,~~
16  ~~certifying that the firearm applicant is capable of possessing a regulated firearm~~
17  ~~without undue danger to the firearm applicant or to another;~~

18         ~~(viii)~~ ~~is not a respondent against whom a current non-ex-parte~~
19  ~~civil protective order has been entered under § 4–506 of the Family Law Article~~ **BEEN**
20  **FOUND INCOMPETENT TO STAND TRIAL UNDER § 3–106 OF THE CRIMINAL**
21  **PROCEDURE ARTICLE;**

22         **(IX)  HAS NEVER BEEN FOUND NOT CRIMINALLY**
23  **RESPONSIBLE UNDER § 3–110 OF THE CRIMINAL PROCEDURE ARTICLE;**

24         **(X)**  ~~HAS NEVER BEEN~~ ~~BEFORE OCTOBER 1, 2013, WAS~~ **HAS**
25  **NEVER BEEN VOLUNTARILY ADMITTED FOR MORE THAN 30 CONSECUTIVE DAYS**
26  **TO A FACILITY AS DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE;**

27         **(XI)  HAS NEVER BEEN INVOLUNTARILY COMMITTED TO A**
28  **FACILITY AS DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE;**

29         ~~(XII)~~ ~~HAS NEVER BEEN ADMITTED TO A FACILITY AS DEFINED~~
30  ~~IN § 10–101 OF THE HEALTH – GENERAL ARTICLE AS THE RESULT OF AN~~
31  ~~EMERGENCY EVALUATION UNDER § 10–622 OF THE HEALTH – GENERAL~~
32  ~~ARTICLE OR, IF THE PERSON HAS BEEN ADMITTED TO A FACILITY, POSSESSES A~~
33  ~~CERTIFICATE FROM THE FACILITY THAT THE PERSON IS CAPABLE OF~~
34  ~~POSSESSING A REGULATED FIREARM WITHOUT UNDUE DANGER TO THE PERSON~~
35  ~~OR TO ANOTHER;~~

1    ~~(XIII)~~ *(XII)*  IS NOT UNDER THE PROTECTION OF A GUARDIAN
2  APPOINTED BY A COURT UNDER § 13–201(C) OR § 13–705 OF THE ESTATES AND
3  TRUSTS ARTICLE , *EXCEPT FOR CASES IN WHICH THE APPOINTMENT OF A*
4  *GUARDIAN IS SOLELY A RESULT OF A PHYSICAL DISABILITY;*

5         ~~(XIII)~~ ~~(XIV)~~ *(XIII)*  IS NOT A RESPONDENT AGAINST WHOM:

6              **1.**    A CURRENT NON EX PARTE CIVIL PROTECTIVE
7  ORDER HAS BEEN ENTERED UNDER § 4–506 OF THE FAMILY LAW ARTICLE; OR

8              **2.**    AN ORDER FOR PROTECTION, AS DEFINED IN §
9  4–508.1 OF THE FAMILY LAW ARTICLE, HAS BEEN ISSUED BY A COURT OF
10  ANOTHER STATE OR A NATIVE AMERICAN TRIBE AND IS IN EFFECT; AND

11         ~~(IX)~~ ~~(XIV)~~ ~~(XV)~~ *(XIV)*    if under the age of 30 years at the time of
12  application, has not been adjudicated delinquent by a juvenile court for an act that
13  would be a disqualifying crime if committed by an adult[; and

14         (x)    subject to § 5–119 of this subtitle, has completed a certified
15  firearms safety training course that the Police Training Commission conducts without
16  charge or that meets the standards that the Police Training Commission establishes
17  under § 3–207 of this article]; AND

18         **(4)**    A COPY OF THE APPLICANT'S HANDGUN QUALIFICATION
19  LICENSE.

20  [5–119.

21     A firearm applicant is not required to complete a certified firearms training
22  course required under §§ 5–118 and 5–134 of this subtitle if the firearm applicant:

23         (1)    has already completed a certified firearms training course required
24  under §§ 5–118 and 5–134 of this subtitle;

25         (2)    is a law enforcement officer of the State or any local law
26  enforcement agency in the State;

27         (3)    is a member, retired member, or honorably discharged member of
28  the armed forces of the United States or the National Guard;

29         (4)    is a member of an organization that is required by federal law
30  governing its specific business or activity to maintain handguns and applicable
31  ammunition; or

1          (5)       holds a permit to carry a handgun under Subtitle 3 of this title.]

2     5–120.

3          (a)    (1)    On receipt of a firearm application, a licensee or designated law
4     enforcement agency shall promptly forward one copy of it to the Secretary by[:

5                         (i)      certified mail;

6                         (ii)     facsimile machine; or

7                         (iii)]   electronic means approved by the Secretary.

8                  (2)    The copy of the firearm application forwarded to the Secretary
9     shall contain the name, address, and signature of the prospective seller, lessor, or
10    transferor.

11         (b)    (1)    The prospective seller, lessor, or transferor shall keep one copy of
12    the firearm application for not less than 3 years.

13                 (2)    The firearm applicant is entitled to [the remaining] <u>A</u> copy of the
14    firearm application.

15         (c)    [(1)    Except as provided in paragraph (2) of this subsection, the] **THE**
16    licensee or designated law enforcement agency shall forward the $10 application fee
17    with the firearm application to the Secretary.

18                 [(2)    A licensee or designated law enforcement agency that uses a
19    facsimile machine to forward the firearm application to the Secretary shall:

20                         (i)      be billed $10 for each firearm application forwarded to the
21    Secretary during the month; and

22                         (ii)     pay the total application fee by the fifteenth day of the
23    following month.]

24    5–133.

25         (a)    This section supersedes any restriction that a local jurisdiction in the
26    State imposes on the possession by a private party of a regulated firearm, and the
27    State preempts the right of any local jurisdiction to regulate the possession of a
28    regulated firearm.

29         (b)    [A] **SUBJECT TO § 5–133.3 OF THIS SUBTITLE,** A person may not
30    possess a regulated firearm if the person:

1       (1)     has been convicted of a disqualifying crime;

2       (2)     has been convicted of a violation classified as a common law crime
3   and received a term of imprisonment of more than 2 years;

4       (3)     is a fugitive from justice;

5       (4)     is a habitual drunkard;

6       (5)     is addicted to a controlled dangerous substance or is a habitual
7   user;

8       ~~(6)     [suffers from a mental disorder as defined in § 10–101(f)(2) of the~~
9   ~~Health – General Article and has a history of violent behavior against the person or~~
10  ~~another, unless the person has a physician's certificate that the person is capable of~~
11  ~~possessing a regulated firearm without undue danger to the person or to another,~~
12  ~~unless the person has a physician's certificate that the person is capable of possessing~~
13  ~~a regulated firearm without undue danger to the person or to another];~~

14      *(6)     SUFFERS FROM A MENTAL DISORDER AS DEFINED IN §*
15  *10–101(F)(2) OF THE HEALTH – GENERAL ARTICLE AND HAS A HISTORY OF*
16  *VIOLENT BEHAVIOR AGAINST THE PERSON OR ANOTHER;*

17      (7)     HAS BEEN FOUND INCOMPETENT TO STAND TRIAL UNDER §
18  3–106 OF THE CRIMINAL PROCEDURE ARTICLE;

19      ~~(7)~~ (8)     HAS BEEN FOUND NOT CRIMINALLY RESPONSIBLE
20  UNDER § 3–110 OF THE CRIMINAL PROCEDURE ARTICLE;

21      [(7)] ~~(8)~~ (9)     has been ~~[confined~~ VOLUNTARILY ADMITTED for more
22  than 30 consecutive days to~~] A PATIENT IN~~ a facility as defined in § 10–101 of the
23  Health – General Article ~~BEFORE OCTOBER 1, 2013~~[, unless the person has a
24  physician's certificate that the person is capable of possessing a regulated firearm
25  without undue danger to the person or to another] ~~AND:~~;

26      ~~(I) (10)     HAS BEEN A VOLUNTARY OR AN INVOLUNTARY~~
27  ~~PATIENT FOR 30 CONSECUTIVE DAYS OR MORE; OR~~

28      ~~(II)     HAS BEEN DETERMINED BY A COURT TO BE UNABLE TO~~
29  ~~SAFELY POSSESS A FIREARM BASED ON CREDIBLE EVIDENCE OF~~
30  ~~DANGEROUSNESS TO OTHERS INVOLUNTARILY COMMITTED TO A FACILITY AS~~
31  ~~DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE;~~

32      ~~(9) (11)     HAS BEEN ADMITTED TO A FACILITY AS DEFINED IN §~~
33  ~~10–101 OF THE HEALTH – GENERAL ARTICLE AS THE RESULT OF AN~~

1  ~~EMERGENCY EVALUATION UNDER § 10-622 OF THE HEALTH – GENERAL~~
2  ~~ARTICLE, UNLESS THE PERSON HAS A CERTIFICATE FROM THE FACILITY THAT~~
3  ~~THE PERSON IS CAPABLE OF POSSESSING A REGULATED FIREARM WITHOUT~~
4  ~~UNDUE DANGER TO THE PERSON OR TO ANOTHER;~~

5  *(10)   HAS BEEN INVOLUNTARILY COMMITTED TO A FACILITY AS*
6  *DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE;*

7  ~~(12)~~ *(11)*   IS UNDER THE PROTECTION OF A GUARDIAN APPOINTED
8  BY A COURT UNDER § 13–201(C) OR § 13–705 OF THE ESTATES AND TRUSTS
9  ARTICLE *, EXCEPT FOR CASES IN WHICH THE APPOINTMENT OF A GUARDIAN IS*
10 *SOLELY A RESULT OF A PHYSICAL DISABILITY*;

11 [(8)] ~~(10)~~ ~~(12)~~ ~~(13)~~ *(12)*   except as provided in subsection (e) of this
12 section, is a respondent against whom [a current non ex parte civil protective order
13 has been entered under § 4–506 of the Family Law Article; or]:

14        (I)   A CURRENT NON EX PARTE CIVIL PROTECTIVE ORDER
15 HAS BEEN ENTERED UNDER § 4–506 OF THE FAMILY LAW ARTICLE; OR

16        (II)   AN ORDER FOR PROTECTION, AS DEFINED IN §
17 4–508.1 OF THE FAMILY LAW ARTICLE, HAS BEEN ISSUED BY A COURT OF
18 ANOTHER STATE OR A NATIVE AMERICAN TRIBE AND IS IN EFFECT; OR

19 [(9)] ~~(11)~~ ~~(13)~~ ~~(14)~~ *(13)*   if under the age of 30 years at the time of
20 possession, has been adjudicated delinquent by a juvenile court for an act that would
21 be a disqualifying crime if committed by an adult.

22    (c)    (1)    A person may not possess a regulated firearm if the person was
23 previously convicted of:

24        (i)    a crime of violence;

25        (ii)    a violation of § 5–602, § 5–603, § 5–604, § 5–605, § 5–612, §
26 5–613, or § 5–614 of the Criminal Law Article; or

27        (iii)    an offense under the laws of another state or the United
28 States that would constitute one of the crimes listed in item (i) or (ii) of this paragraph
29 if committed in this State.

30    (2)    (i)    Subject to paragraph (3) of this subsection, a person who
31 violates this subsection is guilty of a felony and on conviction is subject to
32 imprisonment for not less than 5 years and not exceeding 15 years.

1       (ii) The court may not suspend any part of the mandatory
2 minimum sentence of 5 years.

3       (iii) Except as otherwise provided in § 4–305 of the Correctional
4 Services Article, the person is not eligible for parole during the mandatory minimum
5 sentence.

6    (3) At the time of the commission of the offense, if a period of more
7 than 5 years has elapsed since the person completed serving the sentence for the most
8 recent conviction under paragraph (1)(i) or (ii) of this subsection, including all
9 imprisonment, mandatory supervision, probation, and parole:

10       (i) the imposition of the mandatory minimum sentence is
11 within the discretion of the court; and

12       (ii) the mandatory minimum sentence may not be imposed
13 unless the State's Attorney notifies the person in writing at least 30 days before trial
14 of the State's intention to seek the mandatory minimum sentence.

15    (4) Each violation of this subsection is a separate crime.

16  (d) (1) Except as provided in paragraph (2) of this subsection, a person
17 who is under the age of 21 years may not possess a regulated firearm.

18    (2) Unless a person is otherwise prohibited from possessing a
19 regulated firearm, this subsection does not apply to:

20       (i) the temporary transfer or possession of a regulated firearm
21 if the person is:

22        1. under the supervision of another who is at least 21
23 years old and who is not prohibited by State or federal law from possessing a firearm;
24 and

25        2. acting with the permission of the parent or legal
26 guardian of the transferee or person in possession;

27       (ii) the transfer by inheritance of title, and not of possession, of
28 a regulated firearm;

29       (iii) a member of the armed forces of the United States or the
30 National Guard *while performing official duties* ~~while performing official duties~~;

31       (iv) the temporary transfer or possession of a regulated firearm
32 if the person is:

**SENATE BILL 281**

1.      participating    in    marksmanship    training    of    a
recognized organization; and

2.      under the supervision of a qualified instructor;

(v)      a person who is required to possess a regulated firearm for
employment and who holds a permit under Subtitle 3 of this title; or

(vi)      the possession of a firearm for self–defense or the defense of
others against a trespasser into the residence of the person in possession or into a
residence in which the person in possession is an invited guest.

(e)      This section does not apply to a respondent transporting a regulated
firearm if the respondent is carrying a civil protective order requiring the surrender of
the regulated firearm and:

(1)      the regulated firearm is unloaded;

(2)      the respondent has notified the law enforcement unit, barracks, or
station that the regulated firearm is being transported in accordance with the civil
protective order; and

(3)      the respondent transports the regulated firearm directly to the law
enforcement unit, barracks, or station.

**5–133.1.**

(A)      IN THIS SECTION, "AMMUNITION" MEANS A CARTRIDGE, SHELL, OR
ANY  OTHER  DEVICE  CONTAINING  EXPLOSIVE  OR  INCENDIARY  MATERIAL
DESIGNED AND INTENDED FOR USE IN A FIREARM.

(B)      A PERSON MAY NOT POSSESS AMMUNITION IF THE PERSON IS
PROHIBITED FROM POSSESSING A REGULATED FIREARM UNDER § 5–133 (B) OR
(C) OF THIS SUBTITLE.

(C)      A  PERSON  WHO  VIOLATES  THIS  SECTION  IS  GUILTY  OF  A
MISDEMEANOR AND ON CONVICTION IS SUBJECT TO IMPRISONMENT NOT
EXCEEDING 1 YEAR OR A FINE NOT EXCEEDING $1000 OR BOTH.

**5–133.2.**

(A)      (1)      IN THIS SECTION THE FOLLOWING WORDS HAVE THE
MEANINGS INDICATED.

1        (2)  "FACILITY" HAS THE MEANING STATED IN § 10–101 OF THE
2  HEALTH – GENERAL ARTICLE.

3        (3)  "NICS INDEX" MEANS THE FEDERAL BUREAU OF
4  INVESTIGATION'S NATIONAL INSTANT CRIMINAL BACKGROUND CHECK
5  SYSTEM.

6     (B)  (1)  A COURT SHALL PROMPTLY REPORT INFORMATION
7  REQUIRED IN PARAGRAPH (2) OF THIS SUBSECTION THROUGH A SECURE DATA
8  PORTAL APPROVED BY THE DEPARTMENT OF PUBLIC SAFETY AND
9  CORRECTIONAL SERVICES IF A COURT:

10          (I)  DETERMINES THAT A PERSON IS NOT CRIMINALLY
11  RESPONSIBLE UNDER § 3–110 OF THE CRIMINAL PROCEDURE ARTICLE;

12          (II)  FINDS THAT A PERSON IS INCOMPETENT TO STAND
13  TRIAL UNDER § 3–106 OF THE CRIMINAL PROCEDURE ARTICLE; OR

14          (III)  FINDS UNDER § 13–201(C) OR § 13–705 OF THE
15  ESTATES AND TRUST ARTICLE THAT A PERSON SHOULD BE UNDER THE
16  PROTECTION OF A GUARDIAN, *EXCEPT FOR CASES IN WHICH THE APPOINTMENT*
17  *OF A GUARDIAN IS SOLELY A RESULT OF A PHYSICAL DISABILITY*.

18        (2)  ON A FINDING OR DETERMINATION UNDER PARAGRAPH (1)
19  OF THIS SUBSECTION, THE FOLLOWING INFORMATION SHALL BE REPORTED TO
20  THE NICS INDEX:

21          (I)  THE NAME AND IDENTIFYING INFORMATION OF THE
22  PERSON; AND

23          (II)  THE DATE OF THE DETERMINATION OR FINDING.

24     (C)  (1)  A FACILITY SHALL REPORT INFORMATION REQUIRED IN
25  PARAGRAPH (2) OF THIS SUBSECTION REGARDING A PERSON ADMITTED TO THE
26  FACILITY UNDER § 10–609 OF THE HEALTH – GENERAL ARTICLE OR
27  COMMITTED TO THE FACILITY UNDER TITLE 10, SUBTITLE 6, PART III OF THE
28  HEALTH – GENERAL ARTICLE TO THE NICS INDEX THROUGH A SECURE DATA
29  PORTAL APPROVED BY THE DEPARTMENT OF PUBLIC SAFETY AND
30  CORRECTIONAL SERVICES, IF:

31          (I)  THE PERSON HAS BEEN ADMITTED ~~OR COMMITTED~~ TO A
32  FACILITY FOR 30 CONSECUTIVE DAYS OR MORE; OR

SENATE BILL 281

1                    (II)   ~~IN THE CASE OF AN INVOLUNTARY ADMISSION TO A~~
2    ~~FACILITY, A COURT MAKES A DETERMINATION THAT THE PERSON CANNOT~~
3    ~~SAFELY POSSESS A FIREARM BASED ON CREDIBLE EVIDENCE OF~~
4    ~~DANGEROUSNESS TO OTHERS~~ THE PERSON HAS BEEN INVOLUNTARILY
5    COMMITTED TO A FACILITY.

6                    (2)   ON ADMISSION TO A FACILITY THE FOLLOWING INFORMATION
7    SHALL BE REPORTED TO THE NICS INDEX:

8                    (I)   THE NAME AND IDENTIFYING INFORMATION OF THE
9    PERSON ADMITTED OR COMMITTED;

10                   (II)   THE DATE THE PERSON WAS ADMITTED OR COMMITTED
11   TO THE FACILITY; AND

12                   (III)   THE NAME OF THE FACILITY TO WHICH THE PERSON
13   WAS ADMITTED OR COMMITTED.

14   ~~5–133.3.~~

15           ~~(A)~~   ~~IN THIS SECTION, "HEALTH DEPARTMENT" MEANS THE~~
16   ~~DEPARTMENT OF HEALTH AND MENTAL HYGIENE.~~

17           ~~(B)~~   ~~A PERSON SUBJECT TO A REGULATED FIREARMS~~
18   ~~DISQUALIFICATION UNDER § 5–133(B)(6), (7), (8), OR (9) (9), (10), OR (11) (11),~~
19   ~~OR (12) OF THIS SUBTITLE OR A RIFLE OR SHOTGUN DISQUALIFICATION UNDER~~
20   ~~§ 5–205(B)(6), (7), (8), (9), (10), OR (11) (11), OR (12) OF THIS TITLE MAY BE~~
21   ~~AUTHORIZED TO POSSESS A FIREARM IF:~~

22           ~~(1)~~   ~~THE PERSON IS NOT SUBJECT TO ANOTHER FIREARMS~~
23   ~~RESTRICTION UNDER STATE OR FEDERAL LAW; AND~~

24           ~~(2)~~   ~~THE HEALTH DEPARTMENT, IN ACCORDANCE WITH THIS~~
25   ~~SECTION, DETERMINES THAT THE PERSON MAY POSSESS A FIREARM.~~

26           ~~(C)~~   ~~A PERSON WHO SEEKS RELIEF FROM A FIREARMS~~
27   ~~DISQUALIFICATION SHALL FILE AN APPLICATION WITH THE HEALTH~~
28   ~~DEPARTMENT IN THE FORM AND MANNER SET BY THE HEALTH DEPARTMENT.~~

29           ~~(D)~~   ~~(1)~~   ~~AN APPLICANT SHALL PROVIDE COMPLETE AND ACCURATE~~
30   ~~DATA ON ALL INFORMATION REQUIRED IN AN APPLICATION UNDER THIS~~
31   ~~SECTION.~~

1        (2)   THE APPLICANT SHALL INCLUDE THE FOLLOWING
2 INFORMATION IN THE APPLICATION:

3        (I)   THE REASON WHY THE APPLICANT IS PROHIBITED FROM
4 POSSESSING A REGULATED FIREARM UNDER § 5-133(B)(6), (7), (8), OR (9) (9),
5 (10), OR (11) (11), OR (12) OF THIS SUBTITLE OR A RIFLE OR SHOTGUN UNDER §
6 5-205(B)(6), (7), (8), (9), (10), OR (11) (11), OR (12) OF THIS TITLE AND WHY
7 THE APPLICANT SHOULD BE RELIEVED FROM THAT PROHIBITION;

8        (II)   A CERTIFICATE ON A FORM APPROVED BY THE HEALTH
9 DEPARTMENT AND SIGNED BY AN INDIVIDUAL LICENSED IN THE STATE AS A
10 PHYSICIAN WHO IS BOARD-CERTIFIED IN PSYCHIATRY OR AS A PSYCHOLOGIST
11 AND LISTED IN THE NATIONAL REGISTER OF HEALTH SERVICE PROVIDERS IN
12 PSYCHOLOGY THAT PROVIDES:

13        1.   THAT THE CERTIFICATE WAS ISSUED WITHIN 30
14 DAYS OF THE DATE OF THE FILING OF THE PETITION;

15        2.   THAT THE APPLICANT HAS BEEN EVALUATED AND
16 THE SIGNATORY REASONABLY BELIEVES THAT THE APPLICANT IS COMPETENT
17 TO UNDERSTAND AND COMPLY WITH THE RULES, REGULATIONS, AND LAW
18 GOVERNING FIREARM OWNERSHIP AND POSSESSION AND THE RISKS AND
19 RESPONSIBILITIES INHERENT TO FIREARM OWNERSHIP;

20        3.   THAT THERE IS NO REASON TO BELIEVE THAT THE
21 PERSON WILL BECOME INCOMPETENT IN THE FORESEEABLE FUTURE;

22        4.   AN OPINION AS TO WHETHER THE APPLICANT
23 WILL BE LIKELY TO ACT IN A MANNER THAT IS DANGEROUS TO SELF OR PUBLIC
24 SAFETY; AND

25        5.   AN OPINION ON WHETHER GRANTING A FIREARM
26 HANDGUN QUALIFICATION LICENSE UNDER § 5-117 § 5-117.1 OF THIS
27 SUBTITLE OR AUTHORIZING A PERSON TO POSSESS A RIFLE OR SHOTGUN
28 WOULD BE CONTRARY TO THE PUBLIC INTEREST;

29        (III)   A SIGNED AUTHORIZATION, ON A FORM APPROVED BY
30 THE HEALTH DEPARTMENT ALLOWING THE HEALTH DEPARTMENT TO ACCESS
31 ALL RELEVANT HEALTH CARE, MENTAL HEALTH, DISABILITY, GUARDIANSHIP,
32 AND CRIMINAL JUSTICE RECORDS, INCLUDING COURT-ORDERED OR REQUIRED
33 MENTAL HEALTH RECORDS, OF THE APPLICANT FOR USE WITH THE
34 DISQUALIFICATION AND HEARING PROCESS;

44                              SENATE BILL 281

1          (IV)   THREE STATEMENTS ON A FORM DESIGNATED BY THE
2     HEALTH DEPARTMENT ATTESTING TO THE APPLICANT'S REPUTATION AND
3     CHARACTER RELEVANT TO FIREARM OWNERSHIP OR POSSESSION; AND

4          (V)   ANY OTHER INFORMATION REQUIRED BY THE HEALTH
5     DEPARTMENT.

6          (3)   (I)   AT LEAST TWO OF THE STATEMENTS REQUIRED UNDER
7     PARAGRAPH (2)(IV) OF THIS SUBSECTION SHALL BE PROVIDED BY AN
8     INDIVIDUAL WHO IS NOT RELATED TO THE APPLICANT.

9          (II)   STATEMENTS PROVIDED UNDER PARAGRAPH (2)(IV) OF
10    THIS SUBSECTION MUST BE SIGNED AND DATED WITHIN 30 DAYS OF
11    SUBMISSION TO THE HEALTH DEPARTMENT AND PROVIDE CONTACT
12    INFORMATION FOR EACH INDIVIDUAL PROVIDING A STATEMENT.

13         (4)   IF THE APPLICANT IS PROHIBITED FROM FIREARM
14    OWNERSHIP UNDER § 5-133(B)(9) § 5-133(B)(11) § 5-133(B)(12) OF THIS
15    SUBTITLE OR § 5-205(B)(11) § 5-205(B)(12) OF THIS TITLE, THE FOLLOWING
16    ADDITIONAL INFORMATION SHALL BE INCLUDED IN AN APPLICATION FOR
17    RELIEF FROM THE PROHIBITION:

18         (I)   A COPY OF ALL PLEADINGS, AFFIDAVITS, AND
19    CERTIFICATES SUBMITTED INTO EVIDENCE AT THE GUARDIANSHIP
20    PROCEEDING; AND

21         (II)   ALL ORDERS ISSUED BY THE COURT RELATING TO THE
22    GUARDIANSHIP, INCLUDING, IF APPLICABLE, AN ORDER INDICATING THAT THE
23    GUARDIANSHIP IS NO LONGER IN EFFECT.

24         (5)   IF THE APPLICANT IS PROHIBITED FROM FIREARM
25    OWNERSHIP UNDER § 5-133(B)(6), (7), OR (8) (8), (9), OR (10) (10), OR (11) OF
26    THIS SUBTITLE OR § 5-205(B)(6), (7), (8), (9), OR (10) (10), OR (11) OF THIS
27    TITLE, THE CERTIFICATE REQUIRED UNDER PARAGRAPH (2)(II) OF THIS
28    SUBSECTION SHALL ALSO INCLUDE:

29         (I)   AN OPINION AS TO WHETHER THE APPLICANT HAS
30    SYMPTOMS OF A MENTAL DISORDER OR DEVELOPMENTAL DISABILITY THAT
31    CAUSES THE APPLICANT TO BE A DANGER TO SELF OR OTHERS;

32         (II)   IF THE APPLICANT HAS NO SYMPTOMS THAT CAUSE THE
33    APPLICANT TO BE A DANGER, HOW MANY MONTHS THE APPLICANT HAS NOT HAD
34    SYMPTOMS OF A MENTAL DISORDER OR DEVELOPMENTAL DISABILITY THAT
35    CAUSED THE APPLICANT TO BE A DANGER TO SELF OR OTHERS;

1        (III) THE TIME PERIOD THE APPLICANT HAS BEEN
2 COMPLIANT WITH TREATMENT RECOMMENDATIONS FOR THE INDIVIDUAL'S
3 MENTAL ILLNESS;

4        (IV) THE NAME, ADDRESS, AND TELEPHONE NUMBER OF ALL
5 MENTAL HEALTH PROVIDERS OR SERVICE PROVIDERS SEEN WITHIN THE LAST
6 12 MONTHS;

7        (V) IF THE APPLICANT WAS FOUND NOT GUILTY BY REASON
8 OF INSANITY OR NOT CRIMINALLY RESPONSIBLE, A STATEMENT ATTESTING TO
9 WHETHER THE APPLICANT IS ON CONDITIONAL RELEASE UNDER § 3–114 OF THE
10 CRIMINAL PROCEDURE ARTICLE; AND

11        (VI) IF THE APPLICANT WAS FOUND NOT COMPETENT TO
12 STAND TRIAL AND DANGEROUS, A WRITTEN STATEMENT REGARDING THE
13 STATUS OF THE RELATED CRIMINAL CHARGE.

14    (E) THE HEALTH DEPARTMENT MAY NOT APPROVE AN APPLICATION
15 UNDER THIS SECTION IF A DETERMINATION IS MADE THAT:

16        (1) THE APPLICANT SUPPLIED FALSE INFORMATION OR MADE A
17 FALSE STATEMENT;

18        (2) THE APPLICATION IS NOT PROPERLY COMPLETED; OR

19        (3) ON REVIEW OF THE APPLICATION AND SUPPORTING
20 DOCUMENTATION AND ANY OTHER INFORMATION RELATING TO THE
21 APPLICATION REQUESTED BY THE HEALTH DEPARTMENT, THE APPLICANT HAS
22 NOT SHOWN BY CLEAR AND CONVINCING EVIDENCE THAT THE APPLICANT WILL
23 BE UNLIKELY TO ACT IN A MANNER DANGEROUS TO SELF OR PUBLIC SAFETY
24 AND THAT GRANTING A PERMIT TO POSSESS A REGULATED FIREARM OR
25 AUTHORIZING THE POSSESSION OF A RIFLE OR SHOTGUN WOULD NOT BE
26 CONTRARY TO THE PUBLIC INTEREST.

27    (F) (1) IF THE HEALTH DEPARTMENT DETERMINES THAT THE
28 APPLICATION SHALL BE APPROVED ON REVIEW UNDER SUBSECTION (E)(3) OF
29 THIS SECTION, THE HEALTH DEPARTMENT SHALL PROVIDE THE APPLICANT
30 WITH A CERTIFICATE AFFIRMING THE APPLICANT'S MENTAL COMPETENCE TO
31 POSSESS A REGULATED FIREARM.

32        (2) A CERTIFICATE UNDER THIS SUBSECTION SHALL BE
33 PRESENTED TO THE DEPARTMENT OF STATE POLICE AS EVIDENCE OF THE
34 APPLICANT'S ELIGIBILITY TO POSSESS A REGULATED FIREARM.

1      (G)    AN APPLICANT WHO IS AGGRIEVED BY THE ACTION OF THE HEALTH
2    DEPARTMENT MAY REQUEST A HEARING BY WRITING TO THE SECRETARY OF
3    HEALTH AND MENTAL HYGIENE WITHIN 30 DAYS AFTER THE HEALTH
4    DEPARTMENT MAILS THE DECISION TO THE APPLICANT.

5      (H)    THE HEARING SHALL BE HELD IN ACCORDANCE WITH TITLE 10,
6    SUBTITLE 2 OF THE STATE GOVERNMENT ARTICLE WITHIN 60 DAYS AFTER THE
7    HEALTH DEPARTMENT RECEIVES THE REQUEST.

8      (I)    IF THE APPLICANT REQUESTS A HEARING, THE ADMINISTRATIVE
9    LAW JUDGE SHALL CONDUCT A HEARING AT WHICH THE APPLICANT MAY
10   TESTIFY AND PROVIDE OTHER EVIDENCE.

11     (J)    AT A HEARING, THE APPLICANT IS REQUIRED TO PROVIDE
12   EVIDENCE THAT:

13         (1)    THE APPLICANT DOES NOT HAVE SYMPTOMS OF A MENTAL
14   DISORDER THAT WOULD CAUSE THE APPLICANT TO BE A DANGER TO SELF OR
15   OTHERS AND HAS NOT HAD SYMPTOMS OF A MENTAL DISORDER FOR AT LEAST 6
16   MONTHS;

17         (2)    THE APPLICANT DOES NOT HAVE A MENTAL DISORDER OR
18   MENTAL HEALTH CONDITION THAT PREVENTS THE APPLICANT FROM
19   UNDERSTANDING THE RULES, REGULATIONS, AND LAWS GOVERNING FIREARM
20   OWNERSHIP AND POSSESSION, OR THE RESPONSIBILITIES AND RISKS INVOLVED
21   IN FIREARM OWNERSHIP AND POSSESSION;

22         (3)    THE APPLICANT IS NOT LIKELY TO ACT IN A MANNER
23   DANGEROUS TO PUBLIC SAFETY;

24         (4)    GRANTING RELIEF WOULD NOT BE CONTRARY TO PUBLIC
25   INTEREST; AND

26         (5)    THE APPLICANT IS NOT OTHERWISE PROHIBITED FROM
27   OWNING OR POSSESSING A FIREARM.

28     (K)    AT A HEARING UNDER THIS SECTION, THE HEALTH DEPARTMENT IS
29   A PARTY AND SHALL PROVIDE EVIDENCE REGARDING:

30         (1)    THE CIRCUMSTANCES UNDER WHICH THE FIREARMS
31   PROHIBITION WAS IMPOSED UNDER STATE OR FEDERAL LAW; AND

1          (2)   THE APPLICANT'S RECORD, INCLUDING THE APPLICANT'S
2 MENTAL HEALTH AND CRIMINAL HISTORY RECORDS.

3      (L)   IF THE ADMINISTRATIVE LAW JUDGE FINDS THAT THE APPLICANT
4 HAS MET, BY CLEAR AND CONVINCING EVIDENCE, THE STANDARDS OF
5 SUBSECTION (J) OF THIS SECTION THE ADMINISTRATIVE LAW JUDGE SHALL:

6          (1)   ISSUE A WRITTEN DETERMINATION THAT THE APPLICANT IS
7 RELIEVED FROM THE FIREARMS DISQUALIFICATION IMPOSED BY 18 U.S.C. §
8 922(D)(4) AND (G)(4) AND § 5–133(B)(6), (7), (8), OR (9) (9), (10), OR (11) (11),
9 OR (12) OF THIS SUBTITLE OR § 5–205(B)(6), (7), (8), (9), (10), OR (11) (11), OR
10 (12) OF THIS TITLE; AND

11          (2)   PROVIDE TO THE NICS INDEX, THROUGH A SECURE DATA
12 PORTAL APPROVED BY THE DEPARTMENT OF STATE POLICE PUBLIC SAFETY
13 AND CORRECTIONAL SERVICES:

14             (I)   THE NAME AND IDENTIFYING INFORMATION OF THE
15 APPLICANT; AND

16             (II)   THE DATE OF THE DETERMINATION.

17      (M)   AN APPLICANT OR THE HEALTH DEPARTMENT MAY SEEK JUDICIAL
18 REVIEW OF A DETERMINATION OF THE ADMINISTRATIVE LAW JUDGE ON AN
19 APPLICATION UNDER THIS SECTION FOR RELIEF FROM A FIREARMS
20 PROHIBITION IN ACCORDANCE WITH §§ 10–222 AND 10–223 OF THE STATE
21 GOVERNMENT ARTICLE.

22      (N)   AFTER A DETERMINATION ON THE MERITS OF A HEARING
23 REQUESTED UNDER THIS SECTION, AN APPLICANT MAY NOT REQUEST A
24 SUBSEQUENT HEARING WITHIN 1 YEAR AFTER THE COMPLETION OF THE
25 HEARING PROCESS AND ANY JUDICIAL REVIEW OF THE ADMINISTRATIVE
26 DECISION.

27      (O)   THE HEALTH DEPARTMENT SHALL ENTER INTO A MEMORANDUM
28 OF UNDERSTANDING WITH THE DEPARTMENT OF STATE POLICE TO ASSIST IN
29 CLINICAL CONSULTATION AND IMPLEMENTATION OF THIS SECTION.

30 *5–133.3.*

31      *(A)*   *IN THIS SECTION, "HEALTH DEPARTMENT" MEANS THE*
32 *DEPARTMENT OF HEALTH AND MENTAL HYGIENE.*

SENATE BILL 281

1    *(B)   A PERSON SUBJECT TO A REGULATED FIREARMS DISQUALIFICATION*
2    *UNDER § 5–133(B)(6), (7), (8), (9), (10), OR (11) OF THIS SUBTITLE, A RIFLE OR*
3    *SHOTGUN DISQUALIFICATION UNDER § 5–205(B)(6), (7), (8), (9), (10), OR (11)*
4    *OF THIS TITLE, OR PROHIBITED FROM THE SHIPMENT, TRANSPORTATION,*
5    *POSSESSION, OR RECEIPT OF A FIREARM BY 18 U.S.C. §§ 922(D)(4) OR (G)(4) AS*
6    *A RESULT OF AN ADJUDICATION OR COMMITMENT THAT OCCURRED IN THE*
7    *STATE MAY BE AUTHORIZED TO POSSESS A FIREARM IF:*

8    *(1)   THE PERSON IS NOT SUBJECT TO ANOTHER FIREARMS*
9    *RESTRICTION UNDER STATE OR FEDERAL LAW; AND*

10   *(2)   THE HEALTH DEPARTMENT, IN ACCORDANCE WITH THIS*
11   *SECTION, DETERMINES THAT THE PERSON MAY POSSESS A FIREARM.*

12   *(C)   A PERSON WHO SEEKS RELIEF FROM A FIREARMS*
13   *DISQUALIFICATION SHALL FILE AN APPLICATION WITH THE HEALTH*
14   *DEPARTMENT IN THE FORM AND MANNER SET BY THE HEALTH DEPARTMENT.*

15   *(D)   AN APPLICATION FOR RELIEF FROM A FIREARMS DISQUALIFICATION*
16   *SHALL INCLUDE:*

17   *(1)   A COMPLETE AND ACCURATE STATEMENT EXPLAINING THE*
18   *REASON WHY THE APPLICANT IS PROHIBITED FROM POSSESSING A REGULATED*
19   *FIREARM UNDER § 5–133(B)(6), (7), (8), (9), (10), OR (11) OF THIS SUBTITLE OR*
20   *A RIFLE OR SHOTGUN UNDER § 5–205(B)(6), (7), (8), (9), (10), OR (11) OF THIS*
21   *TITLE, OR IS PROHIBITED FROM THE SHIPMENT, TRANSPORTATION,*
22   *POSSESSION, OR RECEIPT OF A FIREARM BY 18 U.S.C. §§ 922(D)(4) OR (G)(4) AS*
23   *A RESULT OF AN ADJUDICATION OR COMMITMENT THAT OCCURRED IN THE*
24   *STATE;*

25   *(2)   A STATEMENT WHY THE APPLICANT SHOULD BE RELIEVED*
26   *FROM THE PROHIBITION DESCRIBED IN ITEM (1) OF THIS SUBSECTION;*

27   *(3)   IF THE APPLICANT IS SUBJECT TO A PROHIBITION DESCRIBED*
28   *IN ITEM (1) OF THIS SUBSECTION, A CERTIFICATE ISSUED WITHIN 30 DAYS OF*
29   *THE SUBMISSION OF THE APPLICATION ON A FORM APPROVED BY THE HEALTH*
30   *DEPARTMENT AND SIGNED BY AN INDIVIDUAL LICENSED IN THE STATE AS A*
31   *PHYSICIAN WHO IS BOARD CERTIFIED IN PSYCHIATRY OR AS A PSYCHOLOGIST*
32   *STATING:*

33   *(I)   THE LENGTH OF TIME THAT THE APPLICANT HAS NOT*
34   *HAD SYMPTOMS THAT CAUSE THE APPLICANT TO BE A DANGER TO THE*
35   *APPLICANT OR OTHERS, OR, IF THE DISQUALIFICATION RELATES TO AN*
36   *INTELLECTUAL DISABILITY, THE LENGTH OF TIME THAT THE APPLICANT HAS*

1 *NOT ENGAGED IN BEHAVIORS THAT CAUSE THE APPLICANT TO BE A DANGER TO*
2 *THE APPLICANT OR OTHERS;*

3       *(II)   THE LENGTH OF TIME THAT THE APPLICANT HAS BEEN*
4 *COMPLIANT WITH THE TREATMENT PLAN FOR THE APPLICANT'S MENTAL*
5 *ILLNESS, OR, IF THE DISQUALIFICATION RELATES TO AN INTELLECTUAL*
6 *DISABILITY, THE LENGTH OF TIME THAT THE APPLICANT HAS BEEN COMPLIANT*
7 *WITH ANY BEHAVIOR PLAN OR BEHAVIOR MANAGEMENT PLAN;*

8       *(III)   AN OPINION AS TO WHETHER THE APPLICANT, BECAUSE*
9 *OF MENTAL ILLNESS, WOULD BE A DANGER TO THE APPLICANT IF ALLOWED TO*
10 *POSSESS A FIREARM AND A STATEMENT OF REASONS FOR THE OPINION; AND*

11       *(IV)   AN OPINION AS TO WHETHER THE APPLICANT, BECAUSE*
12 *OF MENTAL ILLNESS, WOULD BE A DANGER TO ANOTHER PERSON OR POSES A*
13 *RISK TO PUBLIC SAFETY IF ALLOWED TO POSSESS A FIREARM;*

14       *(4)   IF THE APPLICANT IS PROHIBITED FROM POSSESSING A*
15 *FIREARM UNDER § 5–133(B)(11) OF THIS SUBTITLE OR § 5–205(B)(11) OF THIS*
16 *TITLE:*

17       *(I)   A COPY OF ALL PLEADINGS, AFFIDAVITS, AND*
18 *CERTIFICATES SUBMITTED INTO EVIDENCE AT THE GUARDIANSHIP*
19 *PROCEEDING; AND*

20       *(II)   ALL ORDERS ISSUED BY THE COURT RELATING TO THE*
21 *GUARDIANSHIP, INCLUDING, IF APPLICABLE, AN ORDER INDICATING THAT THE*
22 *GUARDIANSHIP IS NO LONGER IN EFFECT;*

23       *(5)   A SIGNED AUTHORIZATION, ON A FORM APPROVED BY THE*
24 *HEALTH DEPARTMENT, ALLOWING THE HEALTH DEPARTMENT TO ACCESS ANY*
25 *RELEVANT HEALTH CARE, MENTAL HEALTH, DISABILITY, GUARDIANSHIP, AND*
26 *CRIMINAL JUSTICE RECORDS, INCLUDING COURT ORDERED OR REQUIRED*
27 *MENTAL HEALTH RECORDS, OF THE APPLICANT FOR USE IN DETERMINING*
28 *WHETHER THE APPLICANT SHOULD BE RELIEVED FROM A FIREARMS*
29 *DISQUALIFICATION;*

30       *(6)   THREE STATEMENTS SIGNED AND DATED WITHIN 30 DAYS OF*
31 *SUBMISSION TO THE HEALTH DEPARTMENT ON A FORM DESIGNATED BY THE*
32 *HEALTH DEPARTMENT ATTESTING TO THE APPLICANT'S REPUTATION AND*
33 *CHARACTER RELEVANT TO FIREARM OWNERSHIP OR POSSESSION INCLUDING:*

34       *(I)   AT LEAST TWO STATEMENTS PROVIDED BY AN*
35 *INDIVIDUAL WHO IS NOT RELATED TO THE APPLICANT; AND*

1        *(II)   CONTACT   INFORMATION   FOR   EACH   INDIVIDUAL*
2  *PROVIDING A STATEMENT; AND*

3        *(7)   ANY   OTHER   INFORMATION   REQUIRED   BY   THE   HEALTH*
4  *DEPARTMENT.*

5      *(E)   THE HEALTH DEPARTMENT MAY NOT APPROVE AN APPLICATION*
6  *UNDER THIS SECTION IF A DETERMINATION IS MADE THAT:*

7        *(1)   THE   APPLICANT   SUPPLIED   INCOMPLETE   OR   FALSE*
8  *INFORMATION OR MADE A FALSE STATEMENT;*

9        *(2)   THE APPLICATION IS NOT PROPERLY COMPLETED; OR*

10        *(3)   ON   REVIEW   OF   THE   APPLICATION   AND   SUPPORTING*
11  *DOCUMENTATION   AND   ANY   OTHER   INFORMATION   RELATING   TO   THE*
12  *APPLICATION   REQUESTED   BY   THE   HEALTH   DEPARTMENT,   INCLUDING   ANY*
13  *CRIMINAL   HISTORY   RECORDS   AND   MENTAL   HEALTH   RECORDS   OF   THE*
14  *APPLICANT, THE APPLICANT HAS NOT SHOWN BY A PREPONDERANCE OF THE*
15  *EVIDENCE   THAT   THE   APPLICANT   WILL   BE   UNLIKELY   TO   ACT   IN   A   MANNER*
16  *DANGEROUS TO THE APPLICANT OR TO PUBLIC SAFETY AND THAT GRANTING A*
17  *LICENSE   TO   POSSESS   A   REGULATED   FIREARM   OR   AUTHORIZING   THE*
18  *POSSESSION OF A RIFLE OR SHOTGUN WOULD NOT BE CONTRARY TO THE PUBLIC*
19  *INTEREST.*

20      *(F)   (1)   IF   THE   HEALTH   DEPARTMENT   DETERMINES   THAT   THE*
21  *APPLICATION SHALL BE APPROVED, THE HEALTH DEPARTMENT SHALL PROVIDE*
22  *THE   APPLICANT   WITH   A   CERTIFICATE   AFFIRMING   THE   APPLICANT'S   MENTAL*
23  *COMPETENCE TO POSSESS A FIREARM.*

24        *(2)   A CERTIFICATE PROVIDED UNDER PARAGRAPH (1) OF THIS*
25  *SUBSECTION   OR   A   WRITTEN   STATEMENT   THAT   THE   INDIVIDUAL   IS   NOT*
26  *MENTALLY COMPETENT TO POSSESS A FIREARM SHALL BE PROVIDED TO THE*
27  *APPLICANT WITHIN 60 DAYS FROM THE HEALTH DEPARTMENT'S RECEIPT OF A*
28  *COMPLETED   APPLICATION,   WHICH   INCLUDES   ANY   RECORDS   NECESSARY   TO*
29  *REVIEW AN APPLICATION.*

30        *(3)   A   CERTIFICATE   ISSUED   UNDER   PARAGRAPH   (1)   OF   THIS*
31  *SUBSECTION SHALL BE PRESENTED TO THE DEPARTMENT OF STATE POLICE AS*
32  *EVIDENCE OF THE APPLICANT'S ELIGIBILITY TO POSSESS A FIREARM.*

33      *(G)   (1)   AN APPLICANT WHO IS AGGRIEVED BY THE ACTION OF THE*
34  *HEALTH DEPARTMENT UNDER SUBSECTION (E) OF THIS SECTION MAY REQUEST*

1  *A HEARING IN WRITING TO THE SECRETARY OF HEALTH AND MENTAL HYGIENE*
2  *WITHIN 30 DAYS AFTER THE HEALTH DEPARTMENT MAILS NOTICE OF THE*
3  *DECISION TO THE APPLICANT.*

4  *(2)  (I)  THE HEARING REQUESTED UNDER PARAGRAPH (1) OF*
5  *THIS SUBSECTION SHALL BE HELD IN ACCORDANCE WITH TITLE 10, SUBTITLE 2*
6  *OF THE STATE GOVERNMENT ARTICLE WITHIN 60 DAYS AFTER THE HEALTH*
7  *DEPARTMENT RECEIVES THE REQUEST.*

8  *(II)  AT THE HEARING, THE INFORMATION DESCRIBED IN*
9  *SUBSECTIONS (D) AND (E) OF THIS SECTION SHALL BE CONSIDERED AND USED*
10  *TO DETERMINE WHETHER THE APPLICANT, IF ALLOWED TO POSSESS A FIREARM,*
11  *WOULD NOT BE LIKELY TO ACT IN A MANNER DANGEROUS TO THE PUBLIC*
12  *SAFETY AND WHETHER GRANTING THE RELIEF WOULD NOT BE CONTRARY TO*
13  *THE PUBLIC INTEREST.*

14  *(3)  (I)  JUDICIAL REVIEW OF THE DETERMINATION ON AN*
15  *APPLICATION UNDER THIS SECTION FOR RELIEF FROM A FIREARMS*
16  *PROHIBITION MAY BE SOUGHT IN ACCORDANCE WITH §§ 10–222 AND 10–223 OF*
17  *THE STATE GOVERNMENT ARTICLE.*

18  *(II)  NOTWITHSTANDING THE PROVISIONS OF § 10–222 OF*
19  *THE STATE GOVERNMENT ARTICLE, THE CIRCUIT COURT MAY GIVE DEFERENCE*
20  *TO THE FINAL DECISION OF THE HEALTH DEPARTMENT AND MAY IN ITS*
21  *DISCRETION RECEIVE ADDITIONAL EVIDENCE THAT IT DETERMINES TO BE*
22  *NECESSARY TO CONDUCT AN ADEQUATE REVIEW.*

23  *(H)  THE BOARD OF REVIEW OF THE HEALTH DEPARTMENT DOES NOT*
24  *HAVE JURISDICTION TO REVIEW A FINAL DECISION OF THE HEALTH*
25  *DEPARTMENT UNDER THIS SECTION.*

26  *(I)  AFTER A DETERMINATION ON THE MERITS OF A HEARING*
27  *REQUESTED UNDER THIS SECTION, AN APPLICANT MAY NOT REQUEST A*
28  *SUBSEQUENT HEARING WITHIN 1 YEAR AFTER THE COMPLETION OF THE*
29  *HEARING PROCESS AND ANY JUDICIAL REVIEW OF THE ADMINISTRATIVE*
30  *DECISION.*

31  *(J)  THE SECRETARY OF HEALTH AND MENTAL HYGIENE MAY ADOPT*
32  *REGULATIONS ESTABLISHING FEES TO COVER THE ADMINISTRATIVE COSTS*
33  *ASSOCIATED WITH THE IMPLEMENTATION OF THIS SECTION.*

34  *(K)  AN INDIVIDUAL LICENSED IN THE STATE AS A PHYSICIAN WHO IS*
35  *BOARD CERTIFIED IN PSYCHIATRY, OR A PSYCHOLOGIST WHO, IN GOOD FAITH*
36  *AND WITH REASONABLE GROUNDS, ACTS IN COMPLIANCE WITH THIS SECTION,*

1   *MAY NOT BE HELD CIVILLY OR CRIMINALLY LIABLE FOR ACTIONS AUTHORIZED*
2   *BY THIS SECTION.*

3   **5–143.**

4       (A)    (1)    A PERSON WHO MOVES INTO THE STATE WITH THE INTENT OF
5   BECOMING A RESIDENT SHALL REGISTER ALL REGULATED FIREARMS WITH THE
6   SECRETARY WITHIN ~~30~~ *90* DAYS AFTER ESTABLISHING RESIDENCY.

7               (2)    THE SECRETARY SHALL PREPARE AND, ON REQUEST OF AN
8   APPLICANT, PROVIDE AN APPLICATION FORM FOR REGISTRATION UNDER THIS
9   SECTION.

10      (B)    AN APPLICATION FOR REGISTRATION UNDER THIS SECTION SHALL
11  CONTAIN:

12              (1)    THE MAKE, MODEL, MANUFACTURER'S SERIAL NUMBER,
13  CALIBER, TYPE, BARREL LENGTH, FINISH, AND COUNTRY OF ORIGIN OF ~~THE~~
14  *EACH* REGULATED FIREARM; AND

15              (2)    THE    FIREARM    APPLICANT'S    NAME,    ADDRESS,    SOCIAL
16  SECURITY NUMBER, PLACE AND DATE OF BIRTH, HEIGHT, WEIGHT, RACE, EYE
17  AND HAIR COLOR, SIGNATURE, DRIVER'S OR PHOTOGRAPHIC IDENTIFICATION
18  SOUNDEX NUMBER, AND OCCUPATION.

19      (C)    ~~EACH~~ *AN* APPLICATION FOR REGISTRATION FILED WITH THE
20  SECRETARY OF STATE POLICE SHALL BE ACCOMPANIED BY A NONREFUNDABLE
21  *TOTAL* REGISTRATION FEE OF $15, *REGARDLESS OF THE NUMBER OF FIREARMS*
22  *REGISTERED*.

23      (D)    REGISTRATION DATA PROVIDED UNDER THIS SECTION IS NOT OPEN
24  TO PUBLIC INSPECTION.

25  **[5–143.] 5–144.**

26      (a)    Except as otherwise provided in this subtitle, a dealer or other person
27  may not:

28              (1)    knowingly participate in the illegal sale, rental, transfer, purchase,
29  possession, or receipt of a regulated firearm in violation of this subtitle; or

30              (2)    knowingly violate § 5–142 of this subtitle.

1     (b)    A person who violates this section is guilty of a misdemeanor and on
2 conviction is subject to imprisonment not exceeding 5 years or a fine not exceeding
3 $10,000 or both.

4     (c)    Each violation of this section is a separate crime.

5 **5–145.**

6     **(A)    (1)    A LICENSED DEALER SHALL KEEP RECORDS OF ALL**
7 **RECEIPTS, SALES, AND OTHER DISPOSITIONS OF FIREARMS AFFECTED IN**
8 **CONNECTION WITH THE LICENSED DEALER'S BUSINESS.**

9     **(2)    THE SECRETARY SHALL ADOPT REGULATIONS SPECIFYING:**

10     **(I)    SUBJECT TO PARAGRAPH (3) OF THIS SUBSECTION, THE**
11 **INFORMATION THAT THE RECORDS SHALL CONTAIN;**

12     **(II)    THE TIME PERIOD FOR WHICH THE RECORDS ARE TO BE**
13 **KEPT; AND**

14     **(III)    THE FORM IN WHICH THE RECORDS ARE TO BE KEPT.**

15     **(3)    THE RECORDS SHALL INCLUDE:**

16     **(I)    THE NAME AND ADDRESS OF EACH PERSON FROM WHOM**
17 **THE DEALER ACQUIRES A FIREARM AND TO WHOM THE DEALER SELLS OR**
18 **OTHERWISE DISPOSES OF A FIREARM;**

19     **(II)    A PRECISE DESCRIPTION, INCLUDING MAKE, MODEL,**
20 **CALIBER, AND SERIAL NUMBER OF EACH FIREARM ACQUIRED, SOLD, OR**
21 **OTHERWISE DISPOSED OF; AND**

22     **(III)    THE DATE OF EACH ACQUISITION, SALE, OR OTHER**
23 **DISPOSITION.**

24     **(4)    ~~THE SECRETARY MAY PROVIDE THAT RECORDS~~ *RECORDS***
25 **MAINTAINED UNDER 18 U.S.C. § 923(G)(1)(A) MAY BE USED TO SATISFY THE**
26 **REQUIREMENTS OF THIS SECTION, *IF THE SECRETARY IS GRANTED ACCESS TO***
27 ***THOSE RECORDS.***

28     **(B)    (1)    WHEN REQUIRED BY A LETTER ISSUED BY THE SECRETARY, A**
29 **LICENSEE SHALL SUBMIT TO THE SECRETARY THE INFORMATION REQUIRED TO**
30 **BE KEPT UNDER SUBSECTION (A) OF THIS SECTION FOR THE TIME PERIODS**
31 **SPECIFIED BY THE SECRETARY.**

**SENATE BILL 281**

1          (2)    THE SECRETARY SHALL DETERMINE THE FORM AND METHOD
2 BY WHICH THE RECORDS SHALL BE MAINTAINED.

3         (C)    WHEN A FIREARMS BUSINESS IS DISCONTINUED AND SUCCEEDED
4 BY A NEW LICENSEE, THE RECORDS REQUIRED TO BE KEPT UNDER THIS
5 SECTION SHALL REFLECT THE BUSINESS DISCONTINUANCE AND SUCCESSION
6 AND SHALL BE DELIVERED TO THE SUCCESSOR LICENSEE.

7         (D)    (1)    A LICENSEE SHALL RESPOND WITHIN 48 HOURS AFTER
8 RECEIPT OF A REQUEST FROM THE SECRETARY FOR INFORMATION CONTAINED
9 IN THE RECORDS REQUIRED TO BE KEPT UNDER THIS SECTION WHEN THE
10 INFORMATION IS REQUESTED IN CONNECTION WITH A BONA FIDE CRIMINAL
11 INVESTIGATION.

12          (2)    THE INFORMATION REQUESTED UNDER THIS SUBSECTION
13 SHALL BE PROVIDED ORALLY OR IN WRITING, AS REQUIRED BY THE
14 SECRETARY.

15          (3)    THE SECRETARY MAY IMPLEMENT A SYSTEM BY WHICH A
16 LICENSEE CAN POSITIVELY ESTABLISH THAT A PERSON REQUESTING
17 INFORMATION BY TELEPHONE IS AUTHORIZED BY THE SECRETARY TO REQUEST
18 THE INFORMATION.

19         (E)    THE SECRETARY MAY MAKE AVAILABLE TO A FEDERAL, STATE, OR
20 LOCAL LAW ENFORCEMENT AGENCY ANY INFORMATION THAT THE SECRETARY
21 OBTAINS UNDER THIS SECTION RELATING TO THE IDENTITIES OF PERSONS WHO
22 HAVE UNLAWFULLY PURCHASED OR RECEIVED FIREARMS.

23         (F)    THE SECRETARY:

24          (1)    SHALL INSPECT THE INVENTORY AND RECORDS OF A
25 LICENSED DEALER AT LEAST ONCE EVERY 2 YEARS; AND

26          (2)    MAY INSPECT THE INVENTORY AND RECORDS AT ANY TIME
27 DURING THE NORMAL BUSINESS HOURS OF THE LICENSED DEALER'S BUSINESS.

28         (G)    (1)    A PERSON WHO VIOLATES THIS SECTION IS SUBJECT TO A
29 CIVIL PENALTY NOT EXCEEDING $1,000 IMPOSED BY THE SECRETARY.

30          (2)    FOR A SECOND OR SUBSEQUENT OFFENSE, A PERSON WHO
31 KNOWINGLY VIOLATES THIS SECTION IS GUILTY OF A MISDEMEANOR AND IS
32 SUBJECT TO IMPRISONMENT NOT EXCEEDING 3 YEARS OR A FINE NOT
33 EXCEEDING $10,000 OR BOTH.

1          *(3)   THE PENALTIES PROVIDED IN THIS SUBSECTION ARE NOT*
2  *INTENDED TO APPLY TO INCONSEQUENTIAL OR INADVERTENT ERRORS.*

3  *5–146.*

4          *(A)   A DEALER OR ANY OTHER PERSON WHO SELLS OR TRANSFERS A*
5  *REGULATED FIREARM SHALL NOTIFY THE PURCHASER OR RECIPIENT OF THE*
6  *REGULATED FIREARM AT THE TIME OF PURCHASE OR TRANSFER THAT THE*
7  *PURCHASER OR RECIPIENT IS REQUIRED TO REPORT A LOST OR STOLEN*
8  *REGULATED FIREARM TO THE LOCAL LAW ENFORCEMENT AGENCY AS REQUIRED*
9  *UNDER SUBSECTION (B) OF THIS SECTION.*

10         *(B)   IF A REGULATED FIREARM IS LOST OR STOLEN, THE OWNER OF THE*
11 *REGULATED FIREARM SHALL REPORT THE LOSS OR THEFT TO THE LOCAL LAW*
12 *ENFORCEMENT AGENCY WITHIN 72 HOURS AFTER THE OWNER FIRST DISCOVERS*
13 *THE LOSS OR THEFT.*

14         *(C)   ON RECEIPT OF A REPORT OF A LOST OR STOLEN REGULATED*
15 *FIREARM, A LOCAL LAW ENFORCEMENT AGENCY SHALL REPORT TO THE*
16 *SECRETARY AND ENTER INTO THE NATIONAL CRIME INFORMATION CENTER*
17 *(NCIC) DATABASE, TO THE EXTENT KNOWN, THE CALIBER, MAKE, MODEL,*
18 *MANUFACTURER, AND SERIAL NUMBER OF THE REGULATED FIREARM AND ANY*
19 *OTHER DISTINGUISHING NUMBER OR IDENTIFICATION MARK ON THE*
20 *REGULATED FIREARM.*

21         *(D)   (1)   A KNOWING AND WILLFUL FIRST–TIME VIOLATION OF THIS*
22 *SECTION IS A CIVIL OFFENSE PUNISHABLE BY A FINE NOT EXCEEDING $500.*

23             *(2)   A PERSON WHO KNOWINGLY AND WILLFULLY VIOLATES THIS*
24 *SECTION FOR A SECOND OR SUBSEQUENT TIME IS GUILTY OF A MISDEMEANOR*
25 *AND ON CONVICTION IS SUBJECT TO IMPRISONMENT NOT EXCEEDING 90 DAYS*
26 *OR A FINE NOT EXCEEDING $500 OR BOTH.*

27         *(E)   THE IMPOSITION OF A CIVIL OR CRIMINAL PENALTY UNDER THIS*
28 *SECTION DOES NOT PRECLUDE THE PURSUIT OF ANY OTHER CIVIL REMEDY OR*
29 *CRIMINAL PROSECUTION AUTHORIZED BY LAW.*

30 5–205.

31         (A)   THIS SUBTITLE DOES NOT APPLY TO A RIFLE OR SHOTGUN THAT IS
32 AN ANTIQUE FIREARM AS DEFINED IN § 4–201 OF THE CRIMINAL LAW ARTICLE.

33         (B)   A PERSON MAY NOT POSSESS A RIFLE OR SHOTGUN IF THE PERSON:

SENATE BILL 281

        (1)   HAS BEEN CONVICTED OF A DISQUALIFYING CRIME AS DEFINED IN § 5–101 OF THIS TITLE;

        (2)   HAS BEEN CONVICTED OF A VIOLATION CLASSIFIED AS A CRIME UNDER COMMON LAW AND RECEIVED A TERM OF IMPRISONMENT OF MORE THAN 2 YEARS;

        (3)   IS A FUGITIVE FROM JUSTICE;

        (4)   IS A HABITUAL DRUNKARD AS DEFINED IN § 5–101 OF THIS TITLE;

        (5)   IS ADDICTED TO A CONTROLLED DANGEROUS SUBSTANCE OR IS A HABITUAL USER AS DEFINED IN § 5–101 OF THIS TITLE;

        (6)   SUFFERS FROM A MENTAL DISORDER AS DEFINED IN § 10–101(F)(2) OF THE HEALTH – GENERAL ARTICLE AND HAS A HISTORY OF VIOLENT BEHAVIOR AGAINST THE PERSON OR ANOTHER, ~~UNLESS THE PERSON HAS A PHYSICIAN'S CERTIFICATE THAT THE PERSON IS CAPABLE OF POSSESSING A REGULATED FIREARM WITHOUT UNDUE DANGER TO THE PERSON OR TO ANOTHER~~;

        (7)   HAS BEEN FOUND INCOMPETENT TO STAND TRIAL UNDER § 3–106 OF THE CRIMINAL PROCEDURE ARTICLE;

        (8)   HAS BEEN FOUND NOT CRIMINALLY RESPONSIBLE UNDER § 3–110 OF THE CRIMINAL PROCEDURE ARTICLE;

        (9)   ~~HAS BEEN BEFORE OCTOBER 1, 2013, WAS~~ *HAS BEEN* VOLUNTARILY ADMITTED FOR MORE THAN 30 CONSECUTIVE DAYS TO A FACILITY AS DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE;

        ~~(10)   HAS BEEN ADMITTED TO A FACILITY AS DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE AS THE RESULT OF AN EMERGENCY EVALUATION UNDER § 10–622 OF THE HEALTH – GENERAL ARTICLE, UNLESS THE PERSON HAS A CERTIFICATE FROM THE FACILITY THAT THE PERSON IS CAPABLE OF POSSESSING A REGULATED FIREARM WITHOUT UNDUE DANGER TO THE PERSON OR TO ANOTHER;~~

        ~~(10) (11)~~ *(10)*   HAS BEEN INVOLUNTARILY COMMITTED TO A FACILITY AS DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE;

1      ~~(11)~~ ~~(12)~~ *(11)*      IS UNDER THE PROTECTION OF A GUARDIAN
2  APPOINTED BY A COURT UNDER § 13–201(C) OR § 13–705 OF THE ESTATES AND
3  TRUSTS ARTICLE, *EXCEPT FOR CASES IN WHICH THE APPOINTMENT OF A*
4  *GUARDIAN IS SOLELY A RESULT OF A PHYSICAL DISABILITY;*

5      ~~(6)~~ ~~(12)~~ ~~(13)~~ *(12)* EXCEPT AS PROVIDED IN SUBSECTION (C) OF THIS
6  SECTION, IS A RESPONDENT AGAINST WHOM:

7              (I)     A CURRENT NON EX PARTE CIVIL PROTECTIVE ORDER
8  HAS BEEN ENTERED UNDER § 4–506 OF THE FAMILY LAW ARTICLE; OR

9              (II)    AN ORDER FOR PROTECTION, AS DEFINED IN §
10 4–508.1 OF THE FAMILY LAW ARTICLE, HAS BEEN ISSUED BY A COURT OF
11 ANOTHER STATE OR A NATIVE AMERICAN TRIBE AND IS IN EFFECT; OR

12     ~~(7)~~ ~~(13)~~ ~~(14)~~ *(13)* IF UNDER THE AGE OF 30 YEARS AT THE TIME OF
13 POSSESSION, HAS BEEN ADJUDICATED DELINQUENT BY A JUVENILE COURT FOR
14 AN ACT THAT WOULD BE A DISQUALIFYING CRIME IF COMMITTED BY AN ADULT.

15     ~~[(a)] (C)    Unless the person possesses a physician's certificate that the~~
16 ~~person is capable of possessing a rifle or shotgun without undue danger to the person~~
17 ~~or to another, a person may not possess a rifle or shotgun if the person:~~

18         ~~(1)    suffers from a mental disorder as defined in § 10–101(f)(2) of the~~
19 ~~Health – General Article and has a history of violent behavior against the person or~~
20 ~~another; or~~

21         ~~(2)    has been confined for more than 30 consecutive days in a facility as~~
22 ~~defined in § 10–101 of the Health – General Article.~~

23     ~~(D)~~ (C)    THIS SECTION DOES NOT APPLY TO A PERSON TRANSPORTING
24 A RIFLE OR SHOTGUN IF THE PERSON IS CARRYING A CIVIL PROTECTIVE ORDER
25 REQUIRING THE SURRENDER OF THE RIFLE OR SHOTGUN AND:

26         (1)     THE RIFLE OR SHOTGUN IS UNLOADED;

27         (2)     THE PERSON HAS NOTIFIED THE LAW ENFORCEMENT UNIT,
28 BARRACKS, OR STATION THAT THE RIFLE OR SHOTGUN IS BEING TRANSPORTED
29 IN ACCORDANCE WITH THE CIVIL PROTECTIVE ORDER; AND

30         (3)     THE PERSON TRANSPORTS THE RIFLE OR SHOTGUN DIRECTLY
31 TO THE LAW ENFORCEMENT UNIT, BARRACKS, OR STATION.

58                                  **SENATE BILL 281**

1      [(b)] ~~(E)~~ **(D)** A person who violates this section is guilty of a misdemeanor and
2   on conviction is subject to imprisonment not exceeding 3 years or a fine not exceeding
3   $1,000 or both.

4          **(E)    A PERSON WHO IS DISQUALIFIED FROM OWNING A RIFLE OR**
5   **SHOTGUN UNDER SUBSECTION (B)(6), (7), (8), (9), (10), OR (11) OF THIS**
6   **SECTION MAY SEEK RELIEF FROM THE DISQUALIFICATION IN ACCORDANCE**
7   **WITH § 5–133.3 OF THIS TITLE.**

8   5–206.

9          (a)    A person may not possess a rifle or shotgun if the person was previously
10  convicted of:

11                 (1)    a crime of violence **AS DEFINED IN § 5–101 OF THIS TITLE**;

12                 (2)    a violation of § 5–602, § 5–603, § 5–604, § 5–605, § 5–612, § 5–613,
13  or § 5–614 of the Criminal Law Article; or

14                 (3)    an offense under the laws of another state or the United States
15  that would constitute one of the crimes listed in item (1) or (2) of this subsection if
16  committed in this State.

17         (b)    A person who violates this section is guilty of a felony and on conviction is
18  subject to imprisonment not exceeding 15 years.

19         (c)    Each violation of this subsection is a separate crime.

20  5–301.

21         (a)    In this subtitle the following words have the meanings indicated.

22         (b)    "Board" means the Handgun Permit Review Board.

23         (c)    "Handgun" has the meaning stated in § 4–201 of the Criminal Law
24  Article.

25         (d)    "Permit" means a permit issued by the Secretary to carry, wear, or
26  transport a handgun.

27         **(E)    "QUALIFIED HANDGUN INSTRUCTOR" HAS THE MEANING STATED IN**
28  **§ 5–101 OF THIS TITLE.**

29         [(e)] **(F)**    "Secretary" means the Secretary of State Police or the Secretary's
30  designee.

1    5–306.

2        (a)    Subject to subsection [(b)] **(C)** of this section, the Secretary shall issue a
3    permit within a reasonable time to a person who the Secretary finds:

4            (1)    is an adult;

5            (2)    (i)    has not been convicted of a felony or of a misdemeanor for
6    which a sentence of imprisonment for more than 1 year has been imposed; or

7                   (ii)    if convicted of a crime described in item (i) of this item, has
8    been pardoned or has been granted relief under 18 U.S.C. § 925(c);

9            (3)    has not been convicted of a crime involving the possession, use, or
10   distribution of a controlled dangerous substance;

11           (4)    is not presently an alcoholic, addict, or habitual user of a controlled
12   dangerous substance unless the habitual use of the controlled dangerous substance is
13   under legitimate medical direction; [and]

14           **(5)    EXCEPT AS PROVIDED IN SUBSECTION (B) OF THIS SECTION,**
15   **HAS SUCCESSFULLY COMPLETED PRIOR TO APPLICATION AND EACH RENEWAL,**
16   **A   FIREARMS   TRAINING   COURSE   APPROVED   BY   THE   SECRETARY   THAT**
17   **INCLUDES:**

18               **(I)    1.    FOR AN INITIAL APPLICATION, A MINIMUM OF 16**
19   **HOURS OF INSTRUCTION BY A QUALIFIED HANDGUN INSTRUCTOR; OR**

20                    **2.    FOR   A   RENEWAL   APPLICATION,   8   HOURS   OF**
21   **INSTRUCTION BY A QUALIFIED HANDGUN INSTRUCTOR;**

22               **(II)    CLASSROOM INSTRUCTION ON:**

23                    **1.    STATE FIREARM LAW;**

24                    **2.    HOME FIREARM SAFETY; AND**

25                    **3.    HANDGUN MECHANISMS AND OPERATION; AND**

26               **(III)   A   FIREARMS   QUALIFICATION   COMPONENT   THAT**
27   **DEMONSTRATES THE APPLICANT'S PROFICIENCY AND USE OF THE FIREARM;**
28   **AND**

29           [(5)] **(6)**    based on an investigation:

1                  (i)     has not exhibited a propensity for violence or instability that
2 may reasonably render the person's possession of a handgun a danger to the person or
3 to another; and

4                  (ii)    has good and substantial reason to wear, carry, or transport
5 a handgun, such as a finding that the permit is necessary as a reasonable precaution
6 against apprehended danger.

7      **(B)**    AN APPLICANT FOR A PERMIT IS NOT REQUIRED TO COMPLETE A
8 CERTIFIED FIREARMS TRAINING COURSE UNDER SUBSECTION (A) OF THIS
9 SECTION IF THE APPLICANT:

10      **(1)**    IS A LAW ENFORCEMENT OFFICER OR A PERSON WHO IS
11 RETIRED IN GOOD STANDING FROM SERVICE WITH A LAW ENFORCEMENT
12 AGENCY OF THE UNITED STATES, THE STATE, OR ANY LOCAL LAW
13 ENFORCEMENT AGENCY IN THE STATE;

14      **(2)**    IS A MEMBER ~~OR~~, RETIRED MEMBER, OR HONORABLY
15 DISCHARGED MEMBER OF THE ARMED FORCES OF THE UNITED STATES OR THE
16 NATIONAL GUARD~~; OR~~;

17      **(3)**    IS ~~CURRENTLY A CERTIFIED FIREARMS INSTRUCTOR WHO:~~

18      ~~(I)    IS RECOGNIZED BY THE MARYLAND POLICE AND~~
19 ~~CORRECTIONAL TRAINING COMMISSIONS;~~

20      ~~(II)    HAS A QUALIFIED HANDGUN INSTRUCTOR LICENSE~~
21 ~~ISSUED BY THE SECRETARY; OR~~

22      ~~(III)    HAS A CERTIFICATION ISSUED AND RECOGNIZED BY A~~
23 ~~NATIONAL ORGANIZATION~~ A QUALIFIED HANDGUN INSTRUCTOR; OR

24      ~~(3)~~ **(4)**    HAS COMPLETED A FIREARMS TRAINING COURSE
25 APPROVED BY THE SECRETARY.

26      **[(b)] (C)**    An applicant under the age of 30 years is qualified only if the
27 Secretary finds that the applicant has not been:

28      (1)    committed to a detention, training, or correctional institution for
29 juveniles for longer than 1 year after an adjudication of delinquency by a juvenile
30 court; or

31      (2)    adjudicated delinquent by a juvenile court for:

1                   (i)      an act that would be a crime of violence if committed by an
2  adult;

3                  (ii)    an act that would be a felony in this State if committed by
4  an adult; or

5                 (iii)   an act that would be a misdemeanor in this State that
6  carries a statutory penalty of more than 2 years if committed by an adult.

7      **(D)**   **THE SECRETARY MAY ISSUE A HANDGUN QUALIFICATION LICENSE,**
8  **WITHOUT AN ADDITIONAL APPLICATION OR FEE, TO A PERSON WHO:**

9         **(1)**   **MEETS THE REQUIREMENTS FOR ISSUANCE OF A PERMIT**
10  **UNDER THIS SECTION; AND**

11        **(2)**   **DOES NOT HAVE A HANDGUN QUALIFICATION LICENSE ISSUED**
12  **UNDER § 5–117.1 OF THIS TITLE.**

13                       ***Article – State Government***

14  *10–616.*

15     *(a)*   *Unless otherwise provided by law, a custodian shall deny inspection of a*
16  *public record, as provided in this section.*

17     *(V)*  *(1)*  ***EXCEPT AS PROVIDED IN PARAGRAPHS (2) AND (3) OF THIS***
18  ***SUBSECTION, A CUSTODIAN SHALL DENY INSPECTION OF ALL RECORDS OF A***
19  ***PERSON AUTHORIZED TO:***

20         ***(I)***  ***SELL, PURCHASE, RENT, OR TRANSFER A REGULATED***
21  ***FIREARM UNDER TITLE 5, SUBTITLE 1 OF THE PUBLIC SAFETY ARTICLE; OR***

22         ***(II)***  ***CARRY, WEAR, OR TRANSPORT A HANDGUN UNDER***
23  ***TITLE 5, SUBTITLE 3 OF THE PUBLIC SAFETY ARTICLE.***

24        ***(2)***  ***A CUSTODIAN SHALL ALLOW INSPECTION OF FIREARM OR***
25  ***HANDGUN RECORDS BY:***

26         ***(I)***  ***THE INDIVIDUAL NAMED IN THE RECORD; OR***

27         ***(II)***  ***THE ATTORNEY OF RECORD OF THE INDIVIDUAL NAMED***
28  ***IN THE RECORD.***

29        ***(3)***  ***THE PROVISIONS OF THIS SUBSECTION MAY NOT BE***
30  ***CONSTRUED TO PROHIBIT THE DEPARTMENT OF STATE POLICE OR THE***

1 *DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES FROM*
2 *ACCESSING FIREARM OR HANDGUN RECORDS IN THE PERFORMANCE OF THAT*
3 *DEPARTMENT'S OFFICIAL DUTY.*

4      *SECTION 2. AND BE IT FURTHER ENACTED, That, on or before October 1,*
5 *2013:*

6      *(a)    The Department of State Police shall investigate illegal transfers,*
7 *possession, and transport of firearms within the State, including the number and types*
8 *of firearms seized by the Department of State Police and the best information available*
9 *as to the source of the seized firearms.*

10     *(b)    On or before December 31, 2015, the Department of State Police shall*
11 *report its findings to the Governor and, in accordance with § 2–1246 of the State*
12 *Government Article, the General Assembly.*

13     SECTION ~~2.~~ *3.* AND BE IT FURTHER ENACTED, That this Act shall take
14 effect October 1, 2013. *Section 2 of this Act shall remain effective for a period of 3 years*
15 *and, at the end of September 30, 2016, with no further action required by the General*
16 *Assembly, Section 2 of this Act shall be abrogated and of no further force and effect.*

Approved:

_____

                                                        Governor.

_____

                                          President of the Senate.

_____

                                    Speaker of the House of Delegates.