# Exhibit 53

## to

# Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Cross-Motion for Summary Judgment

## DECLARATION OF JOHN BROWN

I, John Brown, under penalty of perjury, declare and state, to the best of my knowledge, information, and belief, as follows:

1.      I am over the age of 18, have personal knowledge of the facts and events referred to in this declaration, and am competent to testify to the matters stated below.

2.      I am a Senior Business Advisor at LWRC International, LLC ("LWRC"). LWRC is a manufacturer of firearms with its headquarters in Cambridge, Maryland.

3.      LWRC manufactures AR-style rifles with a proprietary, piston-driven operating mechanism (as opposed to the more traditional gas impingement operating system developed for the original AR-15).

4.      As an authorized representative of LWRC, I had a telephone conference with officers in the Maryland State Police Licensing Division ("MSP") where I was told that LWRC's firearms were exempt from banning pursuant to the Maryland Firearm Safety Act (the "Act"), because, among other reasons, they had a so-called "heavy barrel" and used a piston-driven system that was not interchangeable with other firearms.

5.      MSP officers came to LWRC headquarters, examined firearms, and confirmed this exemption.

6.      The president of LWRC and I had a subsequent conference call with MSP officials where the exemption was confirmed a third time. We requested a written statement from MSP to that effect for compliance purposes.

7.      MSP refused to give us a written statement that our firearms were legal to sell in Maryland, and continues to refuse to do so.

8.      Dalaine Brady has subsequently notified me that LWRC's website does not have the term "heavy barrel" anywhere in it. When I asked what the significance of that could possibly be, she told me "I'm just telling you it isn't there."

9.      As LWRC cannot get written confirmation from MSP that our products are legal to sell in Maryland, we are now concerned that our exemption will be revoked or explained away by MSP. Accordingly, we are going to the time, effort and expense of preparing a white paper explaining how our firearms should be legal under the Act. We hope that such a white paper will assist us in future dealing with MSP, including their issuing a written statement of exemption from the Act.

10.     I have reviewed the August 28, 2013 letter from MSP to Lawrence Keane of the National Shooting Sports Foundation, Inc., which states in pertinent part:

> AR-15, regardless of its operating system, is an AR-15 and any copy of an AR-15, whether it be a copy of an AR-15 with a piston operating system or a copy of the AR-15 with the gas operating system, is a regulated firearm, and as of October 1, 2013, an assault long gun.

11.     This statement appears to be irreconcilable with the verbal advice we have so far received from MSP. We cannot reconcile this comment, with its lack of technical clarity or correctness and its clear implication, with a legal right to sell our firearms in Maryland.

12.     The Act is vague and impossible to follow. MSP's application of the Act against LWRC makes it even more difficult to comprehend. As of today, LWRC does not know if the firearms it manufacturers here in Maryland are legal for sale to the citizens of Maryland.

I declare under penalty of perjury that the foregoing is true and correct.

John Brown                                        Date  04/29/14