

John Parker Sweeney
Attorney
Direct Dial: (202) 719-8216
Direct Fax: (202) 719-8316
E-mail: JSweeney@babc.com

July 15, 2014

The Honorable Catherine C. Blake
United States District Court for the
District of Maryland
101 West Lombard St.
Chambers 7D
Baltimore, MD 21201

Re: *Steven Kolbe, et al. v. Martin O'Malley, et al.*
Case No. 1:13-cv-02841-CCB

Dear Judge Blake:

Attached as supplemental authority is the recent decision of the United States Supreme Court in *McCullen v. Coakley*, Oct. Term 2013, No. 12-1168 (June 26, 2014)(Attachment A). Defendants in the *Kolbe* case have argued that this Court should employ intermediate scrutiny to analyze the challenged laws. *See* Defendants' Memorandum in Support of Motion for Summary Judgment, ECF No. 44-1 at 37-38. In making this argument, Defendants rely on a number of cases in which intermediate scrutiny was applied by other courts because those courts analogized the restrictions at issue to time, place, and manner restrictions of conduct protected by the First Amendment. *Id.*; *see also Heller v. District of Columbia*, 670 F.3d 1244, 1262 (D.C. Cir. 2011)(applying intermediate scrutiny after deciding that the assault weapons ban was akin to a time, place, and manner restriction)("Heller II"); *United States v. Marzarella*, 614 F.3d 85, 97 (3rd Cir. 2010)(applying intermediate scrutiny after characterizing the law as "a regulation of the manner in which persons may lawfully exercise their Second Amendment rights"); *N.Y. State Rifle & Pistol Ass'n,* Case No. 13-cv-291S, 2013 U.S. Dist. LEXIS 182307 at *42 (W.D.N.Y. Dec. 31, 2013)("Like the Heller II court, which applied intermediate scrutiny to firearm restrictions similar to those at issue here, this Court finds that the burden here is akin to a time, place, and manner restriction."). The Supreme Court in *McCullen* recently set forth the test, under intermediate scrutiny, to be applied to time, place, and manner restrictions. *McCullen*, Slip Op. at 9-10 (identifying time, place, and manner as the proper framework). For a challenged law to be held constitutional under a time, place, and manner analysis, "it must be narrowly tailored to serve a significant governmental interest." *McCullen*, Slip Op. at 18 (internal quotations omitted). "[T]o be narrowly tailored, it must not burden substantially more speech than necessary to further the government's legitimate interests." *Id.* Slip Op. at 19 (internal quotations omitted).

Even if this Court were to follow Defendants' urging to apply intermediate scrutiny, which Plaintiffs resist, Plaintiffs' Memorandum in Support of Their Cross-Motion for Summary

Judgment and in Opposition to Defendants' Motion for Summary Judgment, ECF No. 55-1 at 25-28, the Defendants' own citations and recent Supreme Court precedent make clear that the appropriate formulation of intermediate scrutiny requires the Defendants to demonstrate narrow tailoring. As explained in Plaintiffs' Memorandum in Support of Their Cross-Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment, ECF No. 55-1 at 30-31, there existed a statutory scheme in place before the current ban that permitted responsible, law-abiding citizens to obtain the now-banned firearms after a thorough background check. This less-restrictive alternative burdened protected conduct substantially less because it did not amount to a possessory ban, while still furthering the government's interests in public safety by ensuring that those who sought to obtain the currently-banned firearms were qualified. The *McCullen* Court made clear: "To meet the requirement of narrow tailoring, the government must demonstrate that alternative measures that burden substantially less speech would fail to achieve the government's interests . . . ." *McCullen*, Slip Op. at 28. Defendants have failed to make that showing.

Attached as supplemental, newly discovered evidence in connection with the parties' cross-motions for summary judgment in the above-referenced case is a Bulletin published by Defendant Maryland State Police on July 9, 2014, less than two weeks before this Court's scheduled hearing, announcing a new webpage and establishing a process for the determination of whether a firearm is a "copy" of an enumerated, banned long gun. Maryland State Police Firearms Bulletin LD-FRS-Bulletin-14-001 (Attachment B). Defendant Maryland State Police's new webpage provides a list of firearms for which it has made a "copy" determination and states:

> If you are unable to locate your firearm and you have already contacted a firearms dealer and/or the firearm's manufacturer and/or your attorney and have been unable to receive a satisfactory response, you may submit the below form. By submitting this form, you are acknowledging that you have contacted a firearms dealer and/or the firearm's manufacturer and/or your attorney and have not obtained the guidance necessary to make an informed decision.

Maryland State Police, Maryland State Police Firearms Search, https://www.mdsp.org/Organization/SupportServicesBureau/LicensingDivision/MainLicensingPage/LicensingandRegistration/Firearms/FirearmSearch.aspx (Attachment C). Maryland State Police will provide a determination only as a last resort; the new process requires a citizen to first consult a firearm's manufacturer, a firearms dealer, and/or an attorney and state what information the firearm's manufacturer provided to the citizen and what information the firearms dealer provided to the citizen. *See* Maryland State Police Firearm Review Form (Attachment D)(marking these fields as "Required").

Defendant Maryland State Police's decision to require citizens to consult with manufacturers and dealers (and, inexplicably, an attorney) in lieu of making its own determination, except in the cases in which the citizen receives an "unsatisfactory response," is nothing more than a trap for the unwary and illustrates the problem with the vague term "copies." Rather than solving the vagueness concerns by having Defendant Maryland State

Police respond to citizen inquiries as Defendants argue, Defendants' Memorandum in Support of Motion for Summary Judgment, ECF No. 44-1 at 68, this new process exacerbates the problem.

This can be shown most clearly by Defendant Maryland State Police's treatment of one of the firearms identified by Plaintiffs in their complaint, the HK MR556A1. The Owner's Manual for that firearm clearly states that one of the internal components, the buffer tube, cannot be interchanged with that of any other firearm, because it is of proprietary design, without affecting the operation and function of the firearm. *See* MR556A1 Operator's Manual at 28, *available at http://www.hk-usa.com/-images/shared/MR556A1%20Operators%20Manual%20APR-2011ss.pdf*. A citizen who contacts the manufacturer and asks whether the internal components are interchangeable will be told "no," based on the fact that HK uses proprietary parts, and will believe that the firearm can be freely transferred. This belief is certainly justified under Defendant Maryland State Police's published guidance and the standards it states that it uses to make "copy" determinations, which require that a firearm "has completely interchangeable internal components necessary for full operation and function of one of the enumerated banned weapons." Attachment B.

Despite all this, Defendant Maryland State Police has just announced on its new webpage, without explanation, that this firearm is banned as a "copy" of an AR-15. *See* Reviewed Firearms List, H & K MR556A1 (Attachment E). That determination is specific to the HK make and model and does not resolve any uncertainty regarding any other firearm with proprietary parts. Thus, a citizen dutifully following Defendant Maryland State Police's requirement that he or she consult with manufacturers and dealers could easily be induced into committing a crime, without any intent to do so, while attempting to comply with the vague law at issue. This is precisely the problem the vagueness doctrine is designed to solve.

Additionally, the novel requirement that a citizen consult with a firearms dealer, a manufacturer, and/or an attorney imposes a burden on the citizen but provides no benefit to the state. How the dealer, manufacturer and/or attorney responds to the citizen's inquiry is ultimately immaterial, because "[t]he Maryland State Police is responsible for reaching its own conclusions with respect to whether particular firearms are copies of enumerated banned firearms." Attachment B. Accordingly, a determination made by any person or entity other than the Maryland State Police is of no weight, and reliance upon any such determination in no way insulates a citizen from prosecution for violation of SB281.

Also attached as supplemental, newly discovered evidence is a letter from Defendant Maryland State Police in opposition to 2004 Maryland Senate Bill 288 ("SB 288"). Department of Maryland State Police, Position on Proposed Legislation (Attachment F). SB 288 was essentially a bill to enact the same laws that are at issue in this case and would have criminalized transporting an "assault weapon" into the state and the possession, sale, offer for sale, transfer, purchase, or receipt of such a firearm. Attachment E. Defendant Maryland State Police "urge[d] the Committee to give Senate Bill 288 an unfavorable report" because homicides were decreasing, the banned firearms were used in "very few" homicides, and "the number of crimes involving shotguns, rifles, or assault weapons is negligible." Attachment E. This position, taken

under a previous administration, is directly contrary to Defendant Maryland State Police's statements in the current litigation and reinforces Plaintiffs' showing that the positions of law enforcement agencies and the opinions of their senior officers shift as the political landscape changes. Plaintiffs' Reply Memorandum to Defendants' Opposition to Plaintiffs' Cross-Motion for Summary Judgment, ECF No. 68 at 21-22

Respectfully submitted,

***BRADLEY ARANT BOULT CUMMINGS, LLP***

*/s/ John Parker Sweeney*

John Parker Sweeney

cc: All counsel of record via CM/ECF

**Index to Attachments**

Attachment A - *McCullen v. Coakley*, Oct. Term 2013, No. 12-1168 (June 26, 2014)

Attachment B - Maryland State Police Firearms Bulletin LD-FRS-Bulletin-14-001

Attachment C - Maryland State Police, Maryland State Police Firearms Search

Attachment D - Maryland State Police Firearm Review Form

Attachment E - Reviewed Firearms List, H & K MR556A1

Attachment F - Department of Maryland State Police, Position on Proposed Legislation