

John Parker Sweeney
Attorney
Direct Dial: (202) 719-8216
Direct Fax: (202) 719-8316
E-mail: JSweeney@babc.com

August 4, 2014

The Honorable Catherine C. Blake
United States District Court for the
   District of Maryland
101 West Lombard St.
Chambers 7D
Baltimore, MD 21201

Re:    *Steven Kolbe, et al. v. Martin O'Malley, et al.*
       Case No. 1:13-cv-02841-CCB

Dear Judge Blake:

Counsel for Plaintiffs has just discovered that the Maryland State Police Handgun Roster Board has approved for sale the SIGSAUER M400 11B. Handgun Roster, Maryland State Police, https://www.mdsp.org/Organization/SupportServicesBureau/LicensingDivision/MainLicensingPage/HandgunRoster/HandgunModels.aspx?manu=18128 (last visited August 4, 2014). This firearm is an AR-15-style handgun that is substantially identical to the SIGSAUER M400 banned by Maryland State Police ("MSP") through its interpretation of SB 281, *see* Attachment A, except that it has no stock and only an 11" barrel (as opposed to the 16" barrel which comes standard on the M400 rifle). *Compare* PM400 11" SWAT Pistol (PM400-11B-S), SIGSAUER, http://www.sigsauer.com/CatalogProductDetails/pm400-11-swat-pistol.aspx (last visited August 4, 2014) *with* SIGM400 SWAT (RM400-16B-S), SIGSAUER, http://www.sigsauer.com/CatalogProductDetails/sigm400-swat.aspx (last visited August 4, 2014).

Defendants in this case have argued that the ban on certain enumerated firearms and their copies is appropriate because those firearms are "dangerous and unusual," as they "have features that are useful only for military and law enforcement applications." Defendants Memorandum in Support of their Motion for Summary Judgment, ECF No. 44-1 at p. 43. They have also argued that these firearms are "'absolutely devastating weapons' that can still expend enormous firepower in a brief period of time," *id.*, and that the rounds fired by these firearms will "easily penetrate soft body armor worn by most law enforcement personnel." *Id.* at p. 45.

By these metrics, the M400 handgun would be even more "dangerous and unusual" than the banned long gun variant, because it possesses all of the attributes of its larger format but is more concealable. Yet, MSP has determined (by adding it to the handgun roster) that the firearm

and its caliber are "useful for legitimate sporting, self-protection, or law enforcement purposes . . .," as required by Maryland law. MD Code Public Safety § 5-405(a)(1). In approving the M400 pistol for sale in Maryland, MSP has determined that the M400 pistol is useful for legitimate sporting and self-protection purposes. The handgun roster marks those handguns that are used only for law enforcement purposes as "Not for sale to general public (purchase by US Gov. Armed Forces, Law Enforce Agencies ONLY)." *See,* *e.g.*, https://www.mdsp.org/Organization/SupportServicesBureau/LicensingDivision/MainLicensingP age/HandgunRoster/HandgunModels.aspx?manu=18194.

MSP's approval for sale in Maryland of the handgun variant of a banned "assault long gun" reinforces Plaintiffs' position that a would-be criminal could substitute a legally-purchased firearm, which is identical in every meaningful way to a banned firearm, to accomplish whatever misdeed is intended. This frustrates the alleged interest of the state, which cannot be to prevent the sale of certain firearms, but rather is stated to be reducing the frequency or severity of certain firearms-related crimes.

MSP's approval for sale in Maryland of a manufacturer's pistol that differs from that manufacturer's banned rifle only in that it is more concealable is more than a tacit admission against interest by Defendants. Heightened scrutiny requires a determination as to the quality and nature of the state's interest in advancing a regulation (i.e., "important" or "compelling" governmental interest). MSP's inclusion of AR-15-style handguns on the handgun roster, as with the availability of the unregulated AR-10, Plaintiffs' Memorandum in Support of Motion for Summary Judgment, ECF No. 55-1 at 71, and HBAR variants of the AR-15, Plaintiffs' Memorandum in Support of Motion for Summary Judgment, ECF No. 55-1 at 41, suggests that the alleged State interest is either pretextual or will not be furthered by banning the enumerated firearms and their copies. Under strict scrutiny, a state's regulation must "further its compelling interest." *Bostic v. Schaefer*, No. 14-1167, Slip Op. at 56 (4th Cir. July 28, 2014). And, even under intermediate scrutiny, the state's interests must be "substantially served by enforcement of the" challenged law. *Woollard v. Gallagher*, 712 F.3d 865, 878 (4th Cir. 2013)(*quoting U.S. v. Masciandaro*, 638 F.3d 458, 474 (4th Cir. 2011)).

Inclusion of the SIGSAUER M400 11B on the Handgun Roster further demonstrates that the Defendants have not met their burden under any applicable level of scrutiny that banning these popular firearms will further in any meaningful way a legitimate governmental interest.

Respectfully submitted,

***BRADLEY ARANT BOULT CUMMINGS, LLP***

*/s/ John Parker Sweeney*

John Parker Sweeney

cc:     All counsel of record via CM/ECF